TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY *v.* WEDDLE, ADMINISTRATRIX.

[No. 22,481. Filed March 26, 1915. Rehearing denied June 1, 1915.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Employer's Liability Law.—Instructions.*—The Employer's Liability Act of 1911 is not unconstitutional; hence, in an action based thereon for the death of an employe alleged error in the giving and refusing of instructions, predicated on the theory of its unconstitutionality, is not available. p. 307.

2. APPEAL.—*Review.—Instructions.*—An instruction on the preponderance of evidence stating a preponderance means the weight of the evidence, and that the evidence on any fact in issue which convinces the jury most strongly of its truthfulness is of the greater weight, irrespective of the number testifying thereto on one side or the other, or of the quantity of evidence introduced on one side or the other, was not open to the objection that it wholly eliminated the element of the number of witnesses or the quantity of evidence on any given point. p. 307.

3. APPEAL.—*Review.—Refusal of Instructions.*—Where requested instructions in so far as they correctly stated the law applicable

to the issue, were fully covered by instructions given, their refusal was not error.  p. 308.

4.  APPEAL.—*Review.*—*Interrogatories to Jury.*—*Refusal to Require Answers.*—In an action against a railroad company under the Employer's Liability Act of 1911, for the death of an employe, which was tried upon the issues formed on two paragraphs of complaint, where the evidence was sufficient to sustain a verdict on the first paragraph and the answers of the jury to interrogatories showed that the verdict was in fact based on such paragraph, the refusal of the court to require the jury on defendant's motion to make definite answer to certain of the interrogatories was not reversible error, where it was apparent that the most favorable answers thereto could at most have prevented recovery on the other paragraph.  p. 308.

5.  APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—In an action for the death of a railroad employe, the action of the court in permitting certain witnesses to state their conclusions as to decedent's duties with reference to the control and operation of a work train, if error, was harmless in view of the prior admissions of similar testimony without objection.  p. 310.

From Johnson Circuit Court; *Wm. E. Deupree,* Judge.

Action by Elmira C. Weddle, administratrix of the estate of Thomas Weddle, deceased, against the Terre Haute, Indianapolis and Eastern Traction Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*D. E. Watson, L. Ert Slack* and *W. H. Latta,* for appellant.

*H. L. McGinnis* and *James V. Mitchell,* for appellee.

SPENCER, J.—This is an action by appellee, as administratrix of the estate of her husband, Thomas Weddle, to recover damages for his death, alleged to have been caused through negligence on the part of appellant.  The first paragraph of amended complaint is based on the Employer's Liability Act of 1911 (Acts 1911 p. 145, §8020a Burns 1914), and alleges that appellant's servants negligently caused a collision between one of its passenger cars and a work train on which decedent, at the time of his injury, was engaged in performing the duties of his employment as a section foreman in the service of appellant.  The second paragraph

of complaint, also based on the act of 1911, was dismissed by appellee at the close of the evidence. The third paragraph charges negligence on the part of appellant's train dispatcher in ordering the work train to run from Martinsville to Riverside, Indiana, without giving it sufficient time in which to reach the siding at Riverside before the passenger car should reach that point; also in failing to notify the motormen and conductors of the car and work train of the approach and operation of each. A trial by jury resulted in a verdict and judgment in favor of appellee and this appeal follows. The only assignment of error challenges the action of the lower court in overruling appellant's motion for a new trial.

Appellant challenges the constitutionality of the Employer's Liability Act of 1911, although recognizing the decision of this court in *Vandalia R. Co.* v. *Stilwell* (1914),

1. 181 Ind. 267, and has presented an earnest and able argument in support of its contention. As was conceded in the Stilwell case the question is one which is not entirely free from all doubt, but after further consideration of that decision and of the authorities therein cited, as well as those cited in the case now before us, we see no reason to depart from our previous holding. This conclusion disposes of the alleged errors in instructions Nos. 15, 16 and 18 given by the court of its own motion, and its refusal to give instruction No. 7, tendered by the appellant.

Instruction No. 4 given by the court told the jury that "By a preponderance of the evidence is meant the weight of the evidence. The evidence given upon any fact

2. in issue which convinces you most strongly of its truthfulness is of the greater weight, irrespective of the number of witnesses that have testified to such fact upon one side or the other, or of the quantity of evidence that may have been introduced to support one side or the other, of such fact in issue." This is attacked on the ground that it wholly eliminates the element of the number of wit-

nesses or the quantity of evidence on any given point; but fairly construed, we can not agree that it is open to such interpretation, and in any event there is not a suggestion that the instruction tended to discriminate in favor of or against either party to the action.

Complaint is made of the refusal of the court to give instructions Nos. 1 and 5, tendered by appellant, which had to do with the measure of care due from employer to
3.  employe, and with the question of contributory negligence. In so far as the instructions correctly stated the law applicable to the issue, they were fully covered by other instructions given to the jury and their refusal was not error.

At the request of the appellant, twenty-seven interrogatories were submitted to the jury to be answered with the general verdict. To seven of these the jury answered
4.  "No evidence", whereupon appellant moved that direct answers be required, this motion was overruled, and error in such ruling is earnestly asserted on the ground that the answers called for were of "controlling importance" under the issues. Assuming that this question is properly presented for our consideration, we can not say that such ruling was erroneous. If answered most favorably to appellant these interrogatories with such answers would disclose that the order given by the train dispatcher was a proper order and if it had been complied with the collision would not have occurred; that the passenger car was running on its regularly scheduled time and its conductor and motorman properly performed their duties and exercised proper care in the operation of said car; that the collision was caused solely by the failure of the work car to conform to the rules and regulations prescribed by appellant and to the order given for its operation. At most, these answers would serve to exonerate appellant's train dispatcher and the operatives of its passenger car, thus preventing a recovery under the third paragraph of complaint. But the

same answers would expressly support the allegations of the first paragraph of complaint, which is predicated on the alleged negligence of appellant's servants and employes in charge of the work train. It appears from the evidence substantially without dispute, that under the rules and regulations in force on appellant's road, the passenger car was of a class superior to that of the work train and the latter without reference to any order was required to remain off the track at least five minutes before the scheduled arrival of the passenger car, by entering a switch, if available, or by stopping and sending out a flagman. The work train failed to obey these rules and regulations and the collision resulted. In this connection appellant insists that the decedent as section foreman, was responsible for the movement of the work train and that the failure to observe the company's rules was his failure. The evidence does not sustain this contention. Conceding that decedent as section foreman was charged with being familiar with the time of the arrival of the regularly scheduled cars at the various stations and switches on his section and that he had the right to direct in part the movement of the work train while it was operating on said section, it does not follow that he was so far in control of its operation as to be responsible for its observance of the company's rules relative to the meeting and passing of trains. The work train was engaged in distributing ties over the section of the road of which decedent was the section boss and under the evidence he was authorized to direct where such ties should be unloaded; further than that he had no control over the motorman and conductor in charge of the train and they did not look to him but to the train dispatcher for general moving orders. At the time of the collision the work train was moving under such orders and not in obedience to the direction of the deceased. The evidence as a whole fully sustains the general verdict and the answers to interrogatories show clearly that such verdict was based on the first paragraph of complaint.

Finally it is contended that the court erred in permitting several witnesses to state their conclusions as to the duties of decedent and others with reference to the control

5. and operation of the work train. We can not say that such rulings are open to the objections urged and in any event the prior admission of similar testimony without objection on part of appellant would preclude it from insisting that such error, if any, was available as a cause for reversal.

It is apparent from the entire record that the cause has been fairly tried and determined and no reversible errors are shown. Judgment affirmed.

NOTE.—Reported in 108 N. E. 225. As to what are proper subjects of instructions to jury, see 72 Am. Dec. 538. See, also, under (1) 7 Cyc. 1915 Anno. 427-31; (2) 38 Cyc. 1750; (3) 38 Cyc. 1711; (4) 38 Cyc. 1923; (5) 38 Cyc 1423.