HOWARD ET AL. *v.* MERKER ET AL.

[No. 10,328.    Filed June 15, 1920.]

1.    APPEAL.—*Review.*—*Harmless Error.*—*Motion to Make Com-
plaint More Specific.*—It is not reversible error to overrule a
motion to make the complaint more specific, where the record
shows that the rights of defendant suffered in no way because
of such ruling.    p. 402.

2. APPEAL.—*Review.*—*Harmless Error.*—*Striking Out Testimony Improperly Admitted.*—*Witnesses.*—Where all the testimony of an incompetent witness has been stricken out by the court on the trial, except such as was more favorable to appellant than to appellees, the error in admission was rendered harmless. p. 403.

3. APPEAL.—*Review.*—*Unavailable Error.*—*Evidence of Same Character Not Objected To.*—Error, if any, in admitting evidence is unavailable where uncontradicted evidence of the same character and to the same effect was introduced without objection. p. 403.

4. WILLS. — *Foreign Wills.* — *Admissibility.* — *Construction of Statutes.*—In view of §§3146, 3147, 3149, 3150, 3151 Burns 1914, §§2588, 2589, 2591, 2592, 2593 R. S. 1881, it was not error, in a suit to quiet title, to exclude a certified copy of a will proved in Kentucky, where the purported will had not been filed or recorded in the county where the land lay, and the copy showed that the will was executed without the witnesses required by §3132 Burns 1914, §2376 R. S. 1881. p. 403.

From Monroe Circuit Court; *Robert W. Miers,* Judge.

Action by Sallie D. Merker and others against Adele Howard and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Robert G. Miller* and *James W. Blair,* for appellants.
*Rufus H. East* and *Edwin S. East,* for appellees.

REMY, J.—Suit by appellees against appellants to quiet title to certain real estate located in the city of Bloomington. In the complaint, which is in five paragraphs, it is averred that on January 1, 1897, Margaret Merker, now deceased, who was the ancestor of appellants, had purchased the real estate in question for her brother, William F. Merker, also now deceased, and his wife and children, appellees herein, and placed said William F. Merker and appellees in possession of such real estate under an oral promise that later the real estate would be deeded to appellees; that the promise to convey the real estate to appellees was a part of a settlement of family differences growing out of the fact

that the father of Margaret Merker and William F. Merker had disinherited the latter because of his dissolute habits; that a further consideration for the promise to convey was that William F. Merker was to move his family from their home in the State of Kentucky to the city of Bloomington, and take up his residence in the dwelling located on the real estate. It is further averred that William F. Merker and appellees, relying upon such promise, gave up their residence in Kentucky and moved upon the real estate, and have been in open and adverse possession of the same for. more than twenty years, during which time they have made valuable and lasting improvements thereon.

Appellants' motion to make certain paragraphs of the complaint more specific having been overruled, they pleaded the general issue and the statute of limitations; also filed a cross-complaint to quiet title. There was a trial by the court, and a decree for appellees quieting their title.

Errors relied upon for reversal are: (1) Overruling appellants' motion to make the second, third and fourth paragraphs of complaint more specific; and (2) overruling the motion for new trial.

It will not be necessary to discuss at length appellants' motion to make the complaint more specific. The motion might with propriety have been, in part,

1. sustained. It is apparent from the record, however, that the rights of appellants have in no way suffered because of the action of the court in that regard. Under such circumstances the error, if any, in overruling the motion is not a cause for reversal. *Terre Haute Brewing Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58; *Leimgruber* v. *Leimgruber* (1909), 172 Ind. 370, 86 N. E. 73, 88 N. E. 593.

On the trial, appellee Philip Merker, son of said William F. Merker, was, over appellants' objection, per-

mitted to testify as to certain conversations had

2.   with said Margaret Merker, his aunt, in reference to the payment of taxes on the real estate in controversy, and that at one time he had sent her the sum of $17 with which to pay such taxes, which sum was returned by her. It is contended that, under §522 Burns 1914, §499 R. S. 1881, the witness was not competent to testify as to any matters which occurred during the lifetime of Margaret Merker. Conceding, without deciding, that the evidence was improperly admitted, the error, if any, was rendered harmless, since the record shows that the court on its own motion struck out all of the testimony of the witness to which objections had been made, excepting the statement as to the sending and return of the $17. The statement not stricken out was evidence more favorable to appellants than to appellees.

It is also claimed that the trial court erred in the admission of certain other evidence; but, whether this evidence was properly admitted or not, the error,

3.   if any, is not available, for the reason that other uncontradicted evidence of the same character and to the same effect was introduced without objection. *Polk* v. *Haworth* (1911), 48 Ind. App. 32, 95 N. E. 332.

For the purpose of showing that the title to the real estate in controversy was vested in appellants, they offered in evidence a duly certified copy of the pur-

4.   ported will of Margaret Merker and the proceedings and orders entered for the probate thereof in the county of Jefferson, State of Kentucky. Error is predicated upon the action of the trial court in refusing to admit the certified copy in evidence. The purported will had not been filed or recorded in Monroe county, and the copy thereof thus offered in evidence showed on its face that it was executed without wit-

nesses as required by §3132 Burns 1914, §2376 R. S. 1881. There was no error in the court's action. §§3146, 3147, 3149, 3150, 3151 Burns 1914, §§2588, 2589, 2591, 2592, 2593 R. S. 1881; *Lucas* v. *Tucker* (1861), 17 Ind. 41; *Evansville, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 688, 48 N. E. 592; *Thieband* v. *Sebastian* (1858), 10 Ind. 454.

There is evidence to sustain the decision of the court. Judgment affirmed.