SMITH *v*. STATE OF INDIANA.

[No. 31,048. Filed April 2, 1968.]

126

*Harold Meloy* and *Robert L. Sheaffer,* of Shelbyville, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellant herein is appealing from a conviction in the Circuit Court of Shelby County of murder in the second degree.

Prosecution was commenced on the basis of an indictment charging appellant with murder in the first degree; appellant entered a plea of not guilty and thereafter trial was had by

jury. The trial resulted in the jury finding appellant guilty of murder in the second degree, and upon this verdict the court rendered judgment accordingly and sentenced appellant to the Indiana State Prison for life.

The error assigned and relied upon by the appellant is the overruling of his motion for new trial. Appellant first argues in his brief, that the court erred in refusing to give to the jury, at the request of the defendant, defendant's written instructions numbered 4, 5, 8, and 12.

Appellant relies on *McDougal* v. *State* (1882), 88 Ind. 24 to support his contention that the court erred in not giving his tendered instruction number 4 which reads as follows:

"The Court instructs you that there can be no criminal intent when the mental condition of the accused is such that he is incapable of forming one; and hence it must appear from the evidence beyond a reasonable doubt that, at the time of the commission of the offense charged, the mental condition of the defendant was such that he was capable of forming an intent."

In *McDougal, supra,* the defendant therein placed his sanity in issue by a defense of not guilty by reason of insanity. In such a case the trial court may properly give an instruction to the effect that the mental condition of the defendant must be such that he was capable of forming an intent. However, in the instant case the issue of appellant's sanity was not before the jury since appellant had made a written withdrawal of his plea of not guilty by reason of unsoundness of mind.

Appellant next alleges that it was error for the court to refuse to give his tendered instruction number 5 for the reason that no instruction was given by the court to cover this point of law. The tendered instruction reads as follows:

"The Court instructs you that if the killing was intentionally done, in hot blood engendered by a combat, without malice, it is no more than manslaughter.

The Court further instructs you that no killing in a combat which engenders hot blood, however unlawful, can be murder even in the second degree, unless the elements of purpose and malice concur in the act. Such a killing may amount to manslaughter, but it can not be murder in either degree."

In essence appellant argues that the above instruction is a definition of manslaughter under Indiana law. We cannot agree, and for the reason that it is an incorrect statement of the law the trial court was correct in refusing to give the instruction. *Johnston* v. *State* (1952), 230 Ind. 571, 105 N. E. 2d 820. The proper definition of manslaughter is set forth in Ind. Anno. Stat. § 10-3405 (1956 Repl.) as follows:

"Whoever voluntarily kills any human being without malice, expressed or implied, in a sudden heat, or involuntarily in the commission of some unlawful act, is guilty of manslaughter. . ."

The court did give the correct definition of manslaughter in its own instruction number 8 and in accordance with the statutory definitions:

"Before the Defendant can be convicted of manslaughter, as charged in the indictment, the evidence must have been proved beyond a reasonable doubt, that at Bartholomew County, State of Indiana, and within five (5) years before the return of the indictment, the Defendant did unlawfully shoot and kill Donna Faye Smith in the manner and as alleged in the indictment, without malice, express or implied, either voluntarily in a sudden heat, or involuntarily in the commission of some unlawful act."

No error is committed when a court refuses a tendered instruction which is substantially covered by other instructions given by the trial court. *Gayer* v. *State* (1965), 247 Ind. 126, 210 N. E. 2d 852. The trial court's instructions numbered 18, 19 and 29 substantially cover the matter contained in appellant's requested instruction number 8 with regard to the question of credibility of witnesses, the pre-

sumption of innocence and the jury's right to determine the law. These instructions read as follows:

Defendant's tendered instruction number 8.

"The jury may elect to disbelieve all of the witnesses who have testified against the defendant and to find him not guilty on the strength of the presumption of innocence which the law indulges in favor of all persons accused of crime, or the jury may exercise its power to determine the law and acquit him in the face of any evidence adduced."

Court's instruction number 18.

"You are the exclusive judges of the weight of the evidence, and the credibility of the witnesses. It is your duty to consider all the evidence and determine what facts have been proven or not proven. If you meet with conflicts in the evidence, you should, if you can reasonably and fairly do so, so reconcile them on the theory that the Defendant is innocent. If you cannot so reconcile the evidence, then you have the right to believe that which you think most worthy of credit, and disregard that which cannot be reasonably and fairly reconciled therewith."

Court's instruction number 19.

"The Defendant is, by the law, presumed to be innocent of the crime charged, until his guilt shall have been established by the evidence beyond a reasonable doubt. This presumption of innocence remains with him step by step throughout the trial, and he is entitled to its benefit, unless the evidence convinces you beyond a reasonable doubt of his guilt. You should weigh the evidence in the light of this presumption; and if you can reasonably and fairly reconcile all the evidence given with the presumption of the Defendant's innocence, it is your duty to do so."

Court's instruction number 29.

"This is a criminal prosecution. A statute of this state requires the Court in such cases to charge the jury, and in such charge to state all matters of law which are necessary for their information in giving their verdict; and these instructions are given by the court in compliance with that statute. However, the Constitution of Indiana provides that in all criminal cases, whatsoever, the jury

shall have the right to determine the law and the facts. The right to determine the law, conferred on you by the Constitution, gives you the right to determine and construe the law for yourselves, although your determination may differ from that stated by the Court in its instructions; but in determining the law it is your sworn duty to determine it correctly, and as it in fact is, whatever may be the source of your information, or the basis of your conclusion. It is your duty to consider and weigh the instructions given you by the Court, and not arbitrarily, and without what you regard as a proper and sufficient reason, reject them; and when your determination shall have been reached, it should be with the conscientious conviction that you have, so far as you were able, correctly determined the law as it in fact is."

Also, the trial court's instruction number 38 substantially covered the matter contained in appellant's tendered instruction number 12 concerning appellant's not testifying. These instructions are as follows:

Court's instruction number 38.

"It is the law in this State that the Defendant is not compelled to take the witness stand to testify in his own behalf, and in this case the Defendant has availed himself of this right and has not testified as a witness. You are instructed that you cannot take this into consideration in any way as affecting the alleged guilt of this Defendant, and you should not consider it as any evidence whatever of the alleged guilt of the Defendant."

Defendant's tendered instruction number 12.

"The defendant has the right under the law not to testify and he has availed himself of that right. The jury cannot draw any inference from that, nor consider it in any respect against him, nor refer to it in the jury room. The fact that he does not testify must raise no presumption of any kind against him and no inference of any kind may be drawn therefrom by the jury."

The trial court did not err in refusing the above instructions, *Gayer v. State, supra.*

Appellant next contends that the court erred in admitting into evidence, over the objection of appellant, State's exhibits

14 and 15 which were photographs of the deceased's nude body taken a number of hours after death. Appellant argues that the photographs served primarily to arouse passion and prejudice and were inflammatory. However, it is our opinion that the correct test for admissibility of such photographs is whether or not they are material and relevant. *Wilson v. State* (1966), 247 Ind. 680, 221 N. E. 2d 347; *Meredith v. State* (1966), 247 Ind. 233, 214 N. E. 2d 385. State's exhibit 14 purports to show an entrance wound of a bullet just under the left armpit of the deceased, and State's exhibit 15 purports to show the wound of exit in the upper back of the deceased. There can be no doubt that these photographs were explanatory of the medical testimony. The testimony indicated that appellant shot the deceased twice. While testimony was elicited that the cause of death was a gunshot wound in the skull, these photographs showing a second wound may be considered relevant to question of malice and purpose. It is an issue for the jury to determine from a consideration of all of the evidence how many shots were fired and whether the act was done with malice and purpose. *Yarber v. State* (1962), 242 Ind. 616, 179 N. E. 2d 882.

Appellant further contends that the trial court erred in sustaining the objection of the State to certain proffered testimony on behalf of the defendant. In appellant's offers to prove, he stated that defense witnesses would testify (1) that the men who worked under the appellant were "mean men" and ones that you "could not trust", (2) that defendant carried an exposed gun while on the job so that these men would not bother him, (3) that appellant carried large sums of money for his employer, and (4) that appellant had substantial amounts of his employer's money when he was on the job and that every "dime and brick were accounted for completely". The *fact* that appellant *carried large sums of money* for his employer *and a gun for his protection was* admitted into evidence and such evidentiary facts were before the jury. No prejudicial error results from an

exclusion of evidence where facts sought to be proved by it are established by other evidence admitted before or after exclusion. *Dobbs* v. *State* (1957), 237 Ind. 119, 143 N. E. 2d 99. Appellant argues that in attempting to prove by his employer that he was a trusted, faithful employee that such evidence would tend to prove that appellant was honest, faithful and sincere and would indicate that appellant did not have any intention to commit the alleged crime. The Court fails to see how appellant's honesty would indicate that he did not have intent to commit the crime charged. Appellant's honesty was not in issue but malice and purpose were in issue. For these reasons the trial court did not err in excluding such testimony.

Appellant has asserted other alleged grounds of error in his motion for new trial but has failed to argue such error in his brief. Consequently, such matters have been waived. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326.

We therefore find that the appellant's asserted and argued errors are without merit and his conviction should be affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ. concur.

NOTE.—Reported in 235 N. E. 2d 177.