SHELBY NATIONAL BANK, ADM., EST. KELSAY, DECEASED
*v.* HUGHES

[No. 867A44. Filed September 3, 1968. No Petition for Rehearing filed.]

*Brunner, Brown and Brunner,* of Shelbyville, for appellant.

*Wilbur F. Pell, Jr.,* and *Pell & Matchett,* of Shelbyville, for appellee.

FAULCONER, J.—This is an appeal from a judgment entered on a verdict for appellee in a wrongful death damage suit which was brought by appellant whose decedent died as a result of injuries she received in a collision between an automobile being driven by appellee and one in which appellant's decedent was a passenger at an intersection in Bartholomew County, Indiana. Appellant's sole assignment of error is the overruling of its motion for new trial. Of the grounds specified in its motion for new trial appellant argues only three. These pertain to the admittance, over appellant's objection, of answers of three witnesses called on behalf of defendant-appellee. The testimony admitted over

appellant's objection was, in substance, that for approximately 10 years prior to the accident there were stop signs facing east and west on the road upon which the automobile was being operated in which appellant's decedent was riding and that the sign facing the traffic approaching from the east, as was the automobile in which appellant's decedent was riding, had been down approximately one or two weeks prior to the date of the collision.

Appellant's objections, which were overruled, were that "the point of inquiry in this case is the description and condition of this crossing as it existed around 5:00 or 5:30 p.m. on the evening of July 5, 1965, and at no other time." Appellant further claimed such evidence was outside the issues and therefore inadmissible.

Conceding without deciding that this evidence was improper, it is well established that the admission of improper evidence is harmless when other evidence of the same character has been previously admitted without objection. *Clarke Auto Co., Inc. v. Fyffe, etc.* (1954), 124 Ind. App. 222, 232, 116 N. E. 2d 532; 2 Wiltrout, Ind. Civ. Proc., § 1967, p. 646 (1967); 2 I.L.E., *Appeals*, § 620, pp. 635, 636.

An examination of the record discloses an abundance of evidence covering the same matter as the evidence admitted over the objection of appellant-plaintiff. Indeed plaintiff-appellant's case in chief is replete with testimony of similar character which evidence was produced either by questions propounded by the plaintiff-appellant to its own witnesses or by its own witnesses in answer to questions propounded by appellee-defendant without objection.

Therefore, it is our opinion that we need not decide whether or not such evidence was incompetent and, therefore, inadmissible as its admissinon under the facts of this case, if error, was harmless and therefore not reversible error.

Judgment affirmed.

Carson, C.J., and Prime, J., concur.

Cooper, J., concurs in results.

NOTE.—Reported in 239 N. E. 2d 611.