LOEHR *v.* NATIONAL SECURITY LIFE INSURANCE COMPANY.

[No. 20,760. Filed May 14, 1969. No petition for rehearing filed.]

504

*Sydney L. Berger, John C. Cox,* both of Evansville, for appellant.

*John P. Hancock,* of Evansville, for appellee.

LOWDERMILK, P. J.—This is an action brought by plaintiff-appellant, Dorothy Loehr, against the defendant-appellee, National Security Life Insurance Company, for benefits under an insurance policy issued by the appellee, whereby the appellee provided benefits in the event of sickness or accidental injury to the insured, appellant, Dorothy Loehr.

The plaintiff-appellant fell in her home, allegedly sustained personal injuries to her back and neck, and thereupon brought this action against the appellee under the appellee's policy.

The issues were closed by appellee's answer to appellant's first amended complaint and the cause thereafter was tried by jury, which returned a general verdict for the appellee and judgment was duly rendered for the appellee thereon.

Appellant thereupon filed a motion for new trial, which was overruled, and which motion for new trial alleges that, (1) the verdict of the jury is contrary to law; (2) error of law occurring at the trial wherein the court overruled plaintiff's objection to the introduction into evidence of defendant's Exhibits C, D, and E, which were hospital records; (3) the court erred in refusing to give to the jury Instruction No. 7 tendered and requested by the plaintiff and (4) the

court erred in refusing to give to the jury Instruction No. 9 tendered and requested by the plaintiff.

The first specification assigned in appellant's motion for new trial was not set out in the argument portion of appellant's brief, nor was it mentioned in oral argument and, therefore, is waived, pursuant to Rule 2-17(h), Rules of the Supreme Court of Indiana, 1967 Revision.

Under the second specification appellant alleges error in the introduction and admission of hospital records into evidence which contain, among other things, an opinion of Dr. Fisher, a neurosurgeon, called in for consultation by appellant's regular doctor as a result of appellant's fall and alleged disability. The appellant's objection to this evidence is based on the grounds that these documents were hearsay and that no proper foundation had been laid for their being introduced into evidence.

Appellant cites and relies on the case of *Espenlaub v. State* (1937), 210 Ind. 687, 2 N. E. 2d 979. In that case the Supreme Court held that hospital records are not admissible into evidence as an exception to the hearsay rule when the doctors who treated a patient and knew the actual medical facts concerning the patient were present and available, and were willing to testify, and where the physician and patient privilege had been waived. However, we are not called upon to decide whether or not the hospital records in the instant case were or were not admissible as an exception to the hearsay rule for the reason that any error in the admission of these medical records was rendered harmless by appellant's failure to object to evidence in the cross examination of Dr. L. B. Miller, appellant's physician, which testimony was substantially the same as given by Dr. Fisher's opinion included in the hospital records admitted into evidence.

The opinion of Dr. Fisher, as shown by the hospital rec-

ord admitted into evidence, is as follows: "In my opinion, this is a fatigue syndrome, perhaps associated with osteoarthritis".

The appellee cross examined Dr. L. B. Miller, appellant's regular physician, which cross examination is, in part, as follows:

"Q. 81 And what is that?

A.     I think she has traumatic arthritis of her neck and shoulder. She has possibly some disc syndrome and a chronic whiplash injury.

Q. 82 And the type of arthritis, again, Doctor?

A.     Well, we commonly call that traumatic arthritis, but usually it is an osteoarthritis.

. . . . .

"Q. 93 And do you know Doctor Fisher's diagnosis?

A.     He said essentially the same as I did, if I recall. He talked to me in person. He said that he did think that she was working quite hard and it might be some nervous factor involved too.

Q. 94 Didn't he refer to it as a 'fatigue syndrome'?

A.     Possibly, as I recall."

Appellant also waived the objection to the privileged communication of Dr. Fisher and herself when she failed to object to the cross examination of Dr. Miller, as above set out.

In the case of *Howard v. Merker* (1920), 73 Ind. App. 400, 127 N. E. 807, the court said:

"It is also claimed that the trial court erred in the admission of certain other evidence; but, whether this evidence was properly admitted or not, the error, if any, is not available, for the reason that other uncontradicted evidence of the same character and to the same effect was introduced without objection." See also: *Terre Haute, etc. R.R. Co. v. Weddle* (1915), 183 Ind. 305, 108 N. E. 225; *Massachusetts Bonding, etc. Co. v. Free* (1919), 71 Ind. App. 275, 124 N. E. 716.

Applying the law as set forth in the above cases, this court holds that there is no reversible error in the admission of the hospital records into evidence.

Under specification 3 the appellant argues that the court erred in refusing to give appellant's tendered Instruction No. 7, which instruction reads as follows, to-wit:

## "INSTRUCTION NO. 7

"Where a party to a law suit has in its own keeping or at its command testimony presumably favorable to itself, or where said party has the power and opportunity of producing competent evidence or a competent witness or witnesses readily obtainable by it to prove or disprove any material fact, failure to produce such evidence or testimony raises the presumption that the evidence or testimony if produced would be unfavorable to such party."

The record discloses that the appellee did not call its agent, who appellant had testified had told her certain facts pertaining to her benefits under the policy. Appellant states in her brief that the appellee's agent was in the courtroom and readily available for testimony and having failed to testify, a presumption was raised that such testimony would have been unfavorable to appellee. This argument is untenable for the reason that appellant had the same right and privilege as the appellee to call the agent as a witness.

"It has not been shown wherein . . . [the witness] was not as much available to appear as a witness of appellants as she was for appellee. The failure to produce a witness when such witness is available to both sides 'is no reason for indulging a presumption against either party.'" *Cauldwell, Inc., et al. v. Patterson* (1961), 133 Ind. App. 138, 177 N. E. 2d 490.

Appellee's agent being in the court room and readily available to one side as to the other, not having been called by the appellant, the appellant cannot now be heard to complain as to what his evidence might have been and was therefore not entitled to have her tendered Instruction No. 7 submitted to the jury.

Under specification 4 the appellant urges that the court erred in refusing to give appellant's tendered Instruction No. 9, which instruction reads as follows, to-wit:

"INSTRUCTION NO. 9

"I instruct you that under the policy of insurance in question, there was a provision which provides as follows:

'Preferred Security Plan.

NATIONAL SECURITY LIFE INSURANCE COMPANY

LEGAL RESERVE STOCK COMPANY
Indianapolis, Indiana
(Herein called the Company)

HEREBY INSURES, subject to the provisions, exceptions and limitations contained herein, the person whose name appears in the Schedule of Insurance (herein called the 'Insured') and will pay the benefits provided herein, for loss incurred by the Insured resulting from (1) Accidental Bodily Injury sustained while this policy is in force, therein called 'such injury', . . .

. . . . .

SCHEDULE OF BENEFITS

| SEC. | BENEFITS | LIMITS OF LIABILITY |
|------|----------|---------------------|
| I. | (a) Loss of Time-Accident (1) Total Disability | $100.00 per Month for Life beginning from 1st Day. |

PART I.           LOSS OF TIME
          TOTAL DISABILITY-ACCIDENT

If such injury causes total disability as defined below, and which commences while this policy is in force, the Company will pay benefit so long as the Insured lives and is so disabled at the rate of the Monthly Benefits stated in the Schedule of Benefits.'

"The Court further instructs the jury that the word 'causes' in this provision relates to proximate and not remote causes. Therefore it would be no defense to the defendant herein, if the plaintiff suffered from a disease or condition, such as arthritis, which was dormant and did

not disable the plaintiff, if you find that the accident which the plaintiff sustained by her fall from her bed, if any, proximately caused injury, which was the efficient and proximate cause of her total disability, if any."

Said instruction quotes the insuring agreement only in part and refers to certain exceptions and limitations contained in the insurance policy without setting them out or advising the jury that they are not applicable. We are of the opinion that this part of the instruction is defective for the failure to inform the jury of the exceptions and limitations contained therein.

Furthermore, we feel that the remainder of the instruction was fully and adequately covered by appellant's tendered Instruction No. 10, which was given by the court, and which adequately covers appellant's theory of her cause of action. Said Instruction No. 10 reads as follows:

"INSTRUCTION NO. 10

"I instruct you that if you find that Mrs. Loehr sustained an accidental injury, and if you find that at that time she may have had a latent condition such as arthritis which did not then disable her, and if you find that such accidental injury, served efficiently, and proximately to produce her total disability, if any, in a natural and continuous sequence unbroken by any new and independent cause, and but for such accidental injury, plaintiff's disability, if any, would not have occurred, then I instruct you that you may find that such accidental injury is the cause of her disability, if any."

We therefore hold no reversible error was committed when the court refused tendered Instruction No. 9, where its subject matter was substantially covered by the instructions given by the trial court. *Smith v. State* (1968), 250 Ind. 125, 235 N. E. 2d 177; *Tuttle v. Reid et al.* (1966), 247 Ind. 375, 216 N. E. 2d 34.

This court finding no reversible error, the judgment of the trial court is hereby affirmed.

510

Costs versus appellant.

Carson, Cooper and Sullivan, J.J., concur.

NOTE.—Reported in 247 N. E. 2d 232.