WILLIAM EARL BOLES, JR. *v*. STATE OF INDIANA.

[No. 771S209. Filed January 10, 1973.]

*Arthur Griffith,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaeffer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant), aged nineteen years, was convicted in a trial to the court of second degree burglary and sentenced to imprisonment for a term of not less than two nor more than five years at the Indiana Youth Center. His appeal challenges (1) the sufficiency of the evidence and (2) the admission and rejection of certain evidence.

(1) It would serve no useful purpose to recite here all of the evidence that tended to support the verdict. Upon the issue of the sufficiency of the evidence, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Gregory* v. *State* (1972), 259 Ind. 295, 286 N. E. 2d 666; *Turner* v. *State* (1972), 259 Ind. 334, 287 N. E. 2d 339; *Pinkerton* v. *State* (1972), 258 Ind. 610, 283 N. E. 2d 376. The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gregory* v. *State, supra; Turner* v. *State, supra; Pinkerton* v. *State, supra.*

With these axioms in mind, we need only point out that there was testimony from the arresting officers that the defendant admitted the break-in, took them to the burglarized premises and showed them where the missing items of personal property had been stacked, after removal from their proper place. True, the defendant denied having done either, but his credibility and that of the police officers lay within

the exclusive province of the trier of the facts, and we cannot say that, as a matter of law, the evidence was insufficient.

(2) Admission and rejection of evidence:

(a) Lawrence Biggs was employed at the Red Bird Service Station, located across the street from the Zephyr Service Station, which was the burglarized premises. He was ■ at his place of employment at the time the Zephyr Station appears to have been broken into. He had testified that he was on the Red Bird driveway servicing a customer's truck at about 4:15 a.m. and was then asked, "* * * Did anything occur to call your attention to the Zephyr Station across the street?" And he replied, "Some boys came up and told me somebody was breaking in." Defendant immediately moved to have the answer stricken as "Hearsay"; however, the testimony not being for the purpose of proving the fact asserted by the declarant (the boys), was not prohibited by the hearsay rule. *Trustees of Indiana University* v. *Williams* (1969), 252 Ind. 624, 251 N. E. 2d 439. The testimony was not offered to prove that the premises had been broken into but merely to establish the witness' reason for investigating. It was such investigation and the witness' testimony concerning his findings that established that the premises had in fact been broken into, that two boys, whose mode of dress was described, were nearby, that they ran away when discovered and continued to run when told to halt, and that a report of such findings was made to the police.

(b) To prove ownership and possessory rights relative to the burglary, the State introduced into evidence a photo copy of a lease between the owners and the tenant of ■ the premises. The defendant objected to the introduction of such document as violative of the "best evidence" rule. He has failed to show or even allege how he was harmed by this technical error, however. The record is replete with other evidence, admitted without objection, disclosing ownership and rights of possession corresponding to the alle-

gations of the affidavit. Reversal may not be predicated upon the erroneous admission of evidence when evidence having the same probative effect has been admitted without objection or without contradiction. *Loehr* v. *National Security Life Ins. Co.* (1969), 144 Ind. App. 503, 247 N. E. 2d 232; *Shelby National Bank* v. *Hughes* (1968), 143 Ind. App. 265, 239 N. E. 2d 611.

(c) The defendant had been arrested, interrogated and released. At this time, it was not yet known that items of personal property were missing from the burglarized service station. Shortly after the release of the defendant, the police received additional information from the manager of the service station concerning property that he had discovered missing, and they decided to re-arrest the defendant. Police Officer Miller had testified concerning the first arrest and the release. Up to that point, nothing had been related concerning the second arrest, and the prosecutor asked, "After you released the defendant, Detective Miller, on this first occasion, was there, did you then receive any information from any outside source that anything else had occurred at that occasion except a broken window?" The defendant objected upon the basis that there had not been any evidence of any other "occasion," and by his brief argues that the question inferred that he had been arrested on many prior occasions. We regard this as ludicrous. The form of the question did nothing more than suggest that there had been an arrest subsequent to the one just related and served to inform the trial judge that the testimony to follow concerned such subsequent event.

(d) State's exhibits 8, 9 and 10 were items of phonographic equipment. They were admitted into evidence over the defendant's objection that there had been no evidence to connect such items to him and that there had been no evidence that they had been removed from the burglarized premises. Defendant, by his brief, has somewhat altered the basis for his

objection. Such alteration, however, does not improve his position, and for the sake of brevity we will confine our consideration to the grounds stated at the trial and presented by the motion to correct error. In this respect, the defendant was in error, as there had been previous testimony identifying the exhibits as the same property discovered missing from its proper place in the service station and to which the defendant had led the police immediately after his arrest, acknowledging to them that he had placed it there.

(e) Police Officer Amos testified that he was in the vicinity of the scene of the break-in at the time thereof and heard the police radio dispatch relative to it. He testified that he drove towards the scene and as he did so, he saw two boys in an old red automobile coming from the opposite direction. One of the boys answered the description that had been dispatched. As the officer started to turn his vehicle around, the boys sped away. He was unable to catch them but dispatched their description and direction of travel over the police radio. The officer was asked to estimate the speed of the boys' vehicle, as it sped away, to which the defendant objected upon the grounds that such speed was not material nor relevant inasmuch as the defendant had not been identified as the driver of the speeding automobile, but that the question was asked only for the purpose of prejudice, to infer that the defendant was guilty of another offense, i.e. "speeding." We fail to comprehend this argument. Assuming that there was no evidence from which it could be inferred that the defendant was the driver or occupant of the vehicle, which was speeding away from the scene of a break-in, we are at a loss to understand how it could be inferred that he was committing the offense of speeding. Further, we do not agree with the defendant's contention of irrelevancy, but think that the rate of speed at which a person, who answers the description of the culprit, proceeds away from the scene of a recent crime may bear materially upon the issue of whether

or not he was fleeing. Especially is this true, if there is evidence from which it may be inferred that he has an awareness of being observed and pursued.

(f) Darrell Stephenson testified as a State's witness. His testimony was that he was an employee at the burglarized service station and that when he opened the station on the morning following the break-in, certain phonographic equipment was missing. On cross-examination he was asked if he had ever been convicted of a felony, to which he answered, "No." Sol Karp testified that he was the manager of the burglarized station and that in addition, he sold certain items of his own, including phonographic equipment, from the premises. He further testified that on the morning following the break-in, certain of such equipment was missing from its usual place, that the defendant had admitted breaking a window of the premises, had paid him $5.00 in retribution therefor, had showed him where the missing phonographic equipment was stacked and had said it was the easiest station he had ever gotten into. On cross-examination, defense counsel asked Mr. Karp if he knew that the witness, Stephenson, was a drug user. The objection of the prosecutor to such question was sustained. The defendant contends, without authority, that the question was relevant as bearing upon Stephenson's credibility. The question was properly excluded. Although the credibility of the witness Stephenson was a proper subject of inquiry, the defendant's method was clearly out of bounds. A witness may not be impeached by inquiry as to specific acts of immorality. *Griffith* v. *The State* (1895), 140 Ind. 163, 39 N. E. 440; *Woods* v. *State* (1953), 233 Ind. 327, 119 N. E. 2d 558; *Foreman* v. *State* (1931), 203 Ind. 324, 180 N. E. 291; 1 Wigmore, Evidence (3rd Ed.), § 193, p. 643.

Finding no harmful error, the judgment of the trial court is affirmed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 357.