RUBEN MOSQUEDA *v.* STATE OF INDIANA.

[No. 1-275A25. Filed February 23, 1976.]

182

*John F. Strain,* of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

ROBERTSON, C.J.—The defendant-appellant Mosqueda raises seven issues in appealing his conviction by a jury of selling a dangerous drug. The essence of the issues raised concerns alleged error in admitting a taped conversation into evidence; admitting evidence based upon an inadmissible tape recording; admitting the results of a chemical test into evidence; and that the verdict was contrary to law and not supported by sufficient evidence.

We find no error and accordingly affirm.

Mosqueda's first issue relates to the admission of a tape recording of a conversation between Mosqueda and a narcotics informant in February, 1973, and testimony about another recording made the following April. The February tape was admitted as rebuttal evidence and played for the jury. The April tape had been suppressed. However, a police officer who listened to the conversation while it was being taped, testified about a portion of the contents of that tape. The trial court found that the April tape did not possess clarity as required in *Lamar* v. *State, infra.* We perceive Mosqueda's argument to be that the admission of the one tape and the testimony about the other constitutes reversible error and makes the verdict contrary to law and not supported by sufficient evidence.

*Lamar* v. *State* (1972), 258 Ind. 504, 282 N.E.2d 795 specifies that five requirements must be met before a tape recording can be admitted into evidence. We do not read that case, as Mosqueda does, to hold that if for some reason the tape is inadmissible then all testimony

about the contents of that tape is also inadmissible. Or, stated in another way, testimony otherwise admissible is not rendered inadmissible merely because the contents of a tape recording cover the same subject matter.

Should any doubt exist, however, about the admissibility of the police officer's testimony about the April tape, error would not exist because the informant also testified without objection about the same matters. *See: Boles* v. *State* (1973), 259 Ind. 661, 291 N.E.2d 357.

The trial court heard the February tape and suppressed it for use in the State's case in chief and reserved ruling on its use as rebuttal evidence. Portions of that tape, relevant to its use as rebuttal evidence to Mosqueda's defense, were subsequently heard by the jury. Mosqueda argues that if the tape is inadmissible under the *Lamar* standards for one purpose, then it is inadmissible for all purposes. We believe this proposition would be valid when the entire tape failed one or more of the *Lamar* requirements. But here, where the clarity apparently varied somewhat, Mosqueda's argument fails. The trial court heard the tape and found that the portion relevant to the intended rebuttal did comply with the *Lamar* standard. We fail to see where any error would attach to that ruling.

Mosqueda's next contention is that it was error to admit the results of the chemical test that identified the pill sold by Mosqueda as morphine because of a break in the chain of custody of the pill. The alleged break in the chain of custody centers around whether the envelope containing the pill was sealed when at the State Police laboratory and the fact six other State Police employees had access to the material during its stay at that laboratory. *Cartwright v. State* (1973), 154 Ind. App. 328, 289 N.E.2d 763 states:

"... the test is not one of perfection of proof. The chain of possession is proven if it be demonstrated that there is no reasonable doubt as to the continuous whereabouts of

the property (narcotics) and that it has remained in an undisturbed condition." 289 N.E.2d at 768.

The record does not support Mosqueda's assertion that there were gaps in the custody of the tablet. The State Police chemist's testimony was conflicting, at worst, on whether the envelope containing the tablet was sealed. Nor does the record support any inference of tampering by the other employees of the State Police laboratory. We hold that the chain of possession in this case adequately meets the *Cartwright, supra,* test.

We further hold that the remainder of the issues raised are considered waived because of a lack of argument and citation of supporting authorities in the brief as required by Ind. Rules of App. Proc. 8.3(A)(7).

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 342 N.E.2d 679.