PETER KAUTZMAN V. STATE OF INDIANA.

[No. 2-673A135. Filed October 10, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant Peter Kautzman (Kautzman) appeals from a trial court judgment convicting him of commission of a felony while armed claiming that there was insufficient evidence presented at trial to prove that he was over sixteen (16) years of age as required by IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974),[1] under which Kautzman was convicted.

We affirm.

## FACTS

The facts and evidence most favorable to the State are as follows:

At about 11:00 P.M. on September 2, 1970, Kautzman entered the Pizza King at 503 North Phillips in Kokomo, Indiana, walked up to the cash register where the Assistant

---

1. Subsequently amended by Acts 1971, P.L. 453, § 1, p. 2092.

Manager, Mrs. Rebecca Green (Mrs. Green) was stationed and said, "This is a stick-up" and "Give me the money."

When Mrs. Green hesitated, Kautzman pulled out a revolver and told her he was serious and to put the money in a pizza sack. Mrs. Green opened the cash register, placed approximately $140 in a pizza sack and gave it to Kautzman who then departed . . . and was later captured.

Kautzman was charged by affidavit on October 9, 1970, with armed robbery (subsequently amended to the charge of commission of a felony [theft] while armed) and arrested.

Mrs. Green testified at trial that she gave the following description of the robber to the police:

"I told the police he was wearing a white shirt, gray work pants, uh khaki colored brown hat, and was wearing sun glasses that you could not see through . . . I told them he was 5'-5" or 6", he weighed around 145 pounds, and was possibly 45 or 50 in age."

Officer Sosbe testified that on October 7, 1970, he handed five (5) pictures to Mrs. Green and stated that she picked Exhibit No. 4 (Kautzman's mug shot) as the armed robber. At this point, the State introduced the five (5) photos into evidence over defendant's objection. On the back of each photo, including Exhibit No. 4, is the name and address of the person, together with a description . . . *including his age.*

Officer Sosbe also testified that Kautzman's age was "approximately forty-eight (48)."

The witness was not cross examined, nor did Kautzman present any evidence on his own behalf.

The trial court subsequently found Kautzman guilty of commission of a felony while armed as charged by the amended affidavit, and sentenced him to a determinate period of five (5) years imprisonment.

Having his Motion To Correct Errors overruled by the trial

court, this Court granted Kautzman leave to file this belated appeal.

## ISSUE

Kautzman only argues one issue for our determination:

Was there sufficient evidence presented at trial to prove that Kautzman was over sixteen (16) years of age?

Kautzman contends that this essential element of the crime for which he was convicted was not proven in that neither of the State's witnesses gave a description of Kautzman and he did not take the witness stand . . . thus the trial court could not therefore draw inferences as to his age.

In response the State contends that the evidence and testimony were more than sufficient for the trial court to reasonably infer that Kautzman was over sixteen (16) years of age.

## DECISION

CONCLUSION—It is our opinion that there was sufficient evidence presented which proved Kautzman's age to be over sixteen (16) years.

Kautzman was found guilty by the trial court of violating IC 1971, 35-12-1-1, Ind. Ann. Stat. § 10-4709 (Burns Supp. 1974), (now amended), which at the time the amended affidavit was filed and the trial held read in pertinent part:

"10-4709. Commission of or attempt to commit crime while armed with deadly weapon.—*Any person who being over sixteen [16] years of age,* commits or attempts to commit any felony while armed with any dangerous or deadly weapon, or while any other person is present and aiding or assisting in committing or attempting to commit such felony is armed with any dangerous or deadly weapon, shall be guilty of a separate felony. . . ." [Acts 1929, ch. 55, § 1, p. 139; 1965, ch. 298, § 1, p. 819; 1969, ch. 206, § 1, p. 771.]

The record contains testimony and exhibits which indicate Kautzman to be a person over sixteen (16) years of age.

Mrs. Green testified that she described Kautzman to the

police on the night of the armed robbery as being between forty-five (45) and (50) years old.

Officer Sosbe, when asked if he had knowledge of the defendant's age, answered "approximately forty-eight (48)."

The trial court judge, after entering a verdict of guilty, made the following finding:

"The court finds that the defendant's true age to be forty-eight years old."

The State also entered into evidence direct proof of Kautzman's age when it introduced Exhibit No. 4. The photograph includes a front and side exposure of the defendant. In the front exposure, Kautzman is wearing an identification file number on which appears, among other information, his age on the date which the mug shot was taken.

On the back of this photograph, Kautzman's age is again stated, together with his date of birth.

In *Asocar* v. *State* (1969), 252 Ind. 326, 247 N.E.2d 679, the only evidence presented by the State concerning the age of the defendant was:

"Q. Sergeant White, as the detective who investigated this incident, can you tell me whether or not Raul Alamia Asocar is over the age of sixteen (16) years?
"A. Yes sir. Our records show that I checked him to be thirty-nine (39)."

and the court concluded such testimony was sufficient:

*"This Court has held that evidence of age can be established by a witness giving his observation of the appellant as to his age.*
"In addition, the record in this cause shows the verdict of the jury to be, in part, 'and we find the defendant's age is 39 years,' "
"It is, therefore, apparent from this record that *there is a specific finding in the verdict as to the age of the appellant and that this finding is substantiated by competent evidence,* which was admitted within the sound discretion of the Trial Court." [footnote omitted] (emphasis supplied) 247 N.E.2d 680-81.
*See also,*

*Willoughby* v. *State* (1966), 247 Ind. 210, 214 N.E.2d

169; *Swartz* v. *State* (1966), 247 Ind. 166, 214 N.E.2d 165; *Douglas* v. *State* (1970), 254 Ind. 517, 261 N.E.2d 567.

Kautzman's reliance upon *Watson* v. *State* (1956), 236 Ind. 329, 140 N.E.2d 109, is futile as there was a lack of *any* evidence to prove the age of Watson:

> "The essence of the question before us then is, whether or not the jury had any evidence before it from which any inferences could be drawn as a basis for its finding and verdict that the defendant was '38 years of age.' *It is conceded that the state introduced no evidence formally and directly as to the age of the appellant. This could have been done by a witness giving his opinion from observation of the appellant as to his age.*" [*Benson* v. *McFadden*, 1875, 50 Ind. 431; 20 Am.Jur., Evidence, § 826, p. 695; 32 C.J.S., Evidence, § 493, p. 150.] (emphasis supplied) 140 N.E.2d at 111.

In the face of the substantial evidence bearing on Kautzman's age, his argument that the State failed to prove his age merely goes to the weight of the evidence . . . and is so much froth blown away by our long standing refusal to weigh the evidence.

The judgment of the trial court is affirmed.

Sullivan, P.J., and White, J., concur.

NOTE.—Reported at 316 N.E.2d 857.