GRADY THOMAS BOBBITT *v.* STATE OF INDIANA.

[No. 176S27. Filed April 15, 1977.]

*David B. Weisman,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, Grady Thomas Bobbitt, was convicted on February 26, 1975, of commission of a felony (robbery) while armed and infliction of injury duirng the commission of a robbery. The Appellant was sentenced by his jury to imprisonment for eighteen years for the armed robbery conviction. Ind. Code § 35-12-1-1 (Burns 1975). Pursuant to statute, the Appellant was sentenced to life imprisonment for the infliction of injury conviction. Ind. Code § 35-13-4-6 (Burns 1975). Judgment by the trial court on August 19, 1975, made these sentences consecutive. The Appellant's motion to correct errors was filed on October 16, 1975. This appeal is taken from the denial of that motion on November 6, 1975.

The evidence at trial revealed that at 2:00 to 2:30 p.m. on August 31, 1973, two black men entered Gerard's Pharmacy in South Bend, Indiana. One man wore a dark blue shirt and carried a gun and a tan canvas bag. The other man wore a nylon stocking mask over his head. An employee of the phramacy was made to lie on the floor as money was taken from the cash register. A woman customer, held by the blue-shirted robber while the cash register was being emptied, was struck on the head and shot in the arm during the course of the robbery.

Approximately one block from the pharmacy, Joyce Gresgorek saw an automobile hit a telephone pole in front of her house. Two black men ran toward the car from the direction of the pharmacy and jumped in the back seat. One man carried what appeared to be a white sack. A description of the automobile to police led officers to the automobile of a South Bend youth. Police arrested the Appellant and four companions near the car. A nylon mask was found in the car. A large amount of change and currency rolled with rubber bands was found on the person of the Appellant. Witnesses to the crime identified the Appellant as the robber wearing the dark blue shirt.

## I. Sentencing

The Appellant presents five separate issues regarding his sentencing:

1. Whether the trial court erred in denying a defense motion for a bifurcated trial of the armed robbery charge, divided into guilt-determination and sentencing phases.

2. Whether the trial court erred in failing to consider a pre-sentence report before imposing sentence on the armed robbery charge.

3. Whether the trial court abused its discretion by imposing consecutive sentences on the Appellant's convictions.

4. Whether the trial court erred in imposing sentence on both counts.

5. Whether the trial court erred in granting a prosecution motion *in limine* which kept from the jury the sentence imposed on one Terry Laster for his involvement in the robbery.

The Appellant's contention that the trial court erred in sentencing the Appellant on both armed robbery and inflicting injury in the course of a robbery is correct. In *Swininger* v. *State*, (1976) 265 Ind. 136, 352 N.E.2d 473, this court held that a charge of armed robbery is embodied in the infliction of injury charge and that conviction upon the latter charge would act as a bar to subsequent prosecution for armed robbery. That decision also recognized this error to be "fundamental error" which will be reviewed by this Court even in the absence of proper objection at trial. A sentence should not have been imposed upon the Appellant's armed robbery conviction. That sentence must be vacated.

Because the Appellant's armed robbery sentence must be vacated, the other four issues presented here relating to sentencing are rendered moot. There is no question of multiple sentences to run consecutively or concurrently. And, since the jury plays no role in sentencing for a conviction for inflicting injury in the course of a robbery, the questions of whether it should do so through a bifurcated proceeding, with benefit of a pre-sentence report, or with knowledge of the sentences imposed on confederates, do not arise.

II. Sufficiency of Evidence Regarding Armed Robbery

The Appellant presents two issues relating solely to the Appellant's armed robbery conviction. The crime of commission of or attempt to commit a felony while armed has as one of its elements that the person accused is over sixteen years of age. Ind. Code § 35-12-1-1 (Burns 1975). It is contended that the trial court erred in

admitting into evidence hearsay testimony regarding the Appellant's age, and that the evidence was otherwise insufficient to support the armed robbery conviction.

The testimony in question was given by a police officer. He stated that during the course of his investigation he learned that the Appellant was eighteen on the day of the crime charged. He testified further that the Appellant's mother signed a brief statement that the Appellant's date of birth was "7-6-54." Also admitted into evidence, however, was testimony regarding the Appellant's age by two other witnesses.

A fellow employee at the Appellant's place of employment testified that the Appellant was "approximately 17, 18" when he came to South Bend. The witness was a foreman who had known the Appellant six or eight months. This testimony was elicited by the defense on cross-examination and was not objected to by defense counsel. One of the eye witnesses to the crimes charged testified that the person who opened the cash register was "maybe 17, 18 years old." The admissibility of this testimony is not challenged in this appeal.

Even if the testimony of the police officer is inadmissible for reasons of a lack of proper foundation and hearsay, as the Appellant suggests, the other evidence that the Appellant was over the age of 16 was sufficient. "This Court has held that evidence of age can be established by a witness giving his observation of the appellant as to his age. *Watson* v. *State*, (1956), 236 Ind. 329, 334, 140 N.E.2d 109." *Asocar* v. *State*, (1969) 252 Ind. 326 at 328, 247 N.E.2d 679 at 680; *Kautzman* v. *State*, (1974) 161 Ind. App. 640, 316 N.E.2d 857. The testimony by the Appellant's co-worker and the eye-witness to the crime sufficiently establish the age of the accused as over 16. The admission of the objected to testimony was harmless error, if error at all.

### III. Competency to Stand Trial

Prior to trial, defense counsel filed a motion for determination of competency of the defendant to stand trial, based

in part on the Appellant's refusal to heed the advice of his attorneys in this case and another charge then pending and his apparent disinterest in cooperating in the preparation of his defense in those cases. Pursuant to statute, two psychiatrists and another physician were appointed by the trial court to examine the Appellant and report on his competency to stand trial. Ind. Code § 35-5-3.1-1 (Burns 1975). A hearing on the question was subsequently held. The Appellant contends that the trial court erred in determining that the Appellant was competent to stand trial.

The Appellant acknowledges that the reports of the physicians who examined him conflicted in their conclusions. This court generally will not overturn such a factual determination in the face of conflicting evidence. *See Vacendak v. State,* (1976) 264 Ind. 101, 340 N.E.2d 352. Moreover, the Appellant has failed to present this court with a record which permits review of that determination. Neither the reports of the examining physicians nor any testimony or argument of the competency hearing are included in the record. We cannot consider an allegation of error when there is nothing in the record to support it. *Schuman v. State,* (1976) 265 Ind. 586, 357 N.E.2d 895; *State v. Irvin,* (1973) 259 Ind. 610, 291 N.E.2d 70.

## IV. Insanity Defense

The Appellant challenges the sufficiency of the evidence in support of the jury's determination that the Appellant was legally sane at the time of the crime charged. This contention is based in part on the proposition that much of the evidence supporting that determination was improper.

The first such evidence cited by the Appellant are lay opinions regarding the ability of the Appellant to appreciate the wrongfulness of his conduct. Five witnesses are presented in the Appellant's argument as improperly giving such opinions;

1. Kevin Masters, a pharmacy employee and one of the victims of the robbery;
2. Marlene Robinson, the woman customer who was shot in the course of the robbery;
3. Charles Mahank, a police officer who participated in the arrest of the Appellant;
4. Glenn Terry, another policeman who observed the Appellant during his arrest;
5. Ernest Howard Comer, a foreman at the Appellant's place of employment who had know the Appellant for six to eight months preceding the robbery.

The Appellant contends that the opinions expressed by these witnesses were not supported by a sufficient factual basis. "[W]e have held that it is sufficient for the layman to state that he saw and spoke upon one occasion with the person concerning whose sanity he is giving an opinion." *Baum* v. *State*, (1976) 264 Ind. 421, 345 N.E.2d 831 at 834. This is directly applicable to Officer Mahank, who stated that he spoke with the Appellant when he was arrested. Regarding the other witnesses, we think it was enough for them to state (as they did) that they observed the accused during the course of the crime charged, during his period of post-arrest confinement at the police station, or during a designated period of employment, and based their opinions on those observations.

The Appellant's attack on the opinions admitted into evidence here primarily address the *weight* they should be given. *See Baum* v. *State, supra.* This is a proper line of argument to put before a jury, as the Appellant's counsel effectively did during his cross-examination of the witnesses in question. The admission of opinion testimony on an ultimate fact issue is within the discretion of the trial court. *Williams* v. *State*, (1976) 265 Ind. 190, 352 N.E.2d 733. We find no abuse of discretion here.

It is next contended that the trial court erred in limiting defense cross-examination of these lay witnesses regarding

the bases of the opinions expressed. The record reveals that extensive cross-examination was permitted. The Appellant has presented isolated examples of prosecution objections which were sustained, but we find those examples neither significant nor persuasive. The conduct of cross-examination is also within the discretion of the trial court. 30 I.L.E. *Witnesses* § 112 (1960). The Appellant again fails to present such an abuse.

The Appellant contends that the trial court erred in refusing to permit an expert witness, a psychiatrist, to testify on the results of psychological tests of the Appellant administered by him and others under his direction. This is not a correct statement. The Appellant has quoted portions of the record in which objections to such testimony on essentially foundation grounds were sustained. He omits, however, subsequent portions of the record in which the proper foundations were laid and the desired testimony was admitted. At the least, this argument is not supported by the record. It is clearly without merit.

Also admitted into evidence on the question of the Appellant's sanity was rebuttal testimony regarding his involvement in another robbery committed earlier on the same day as the crime for which he was convicted. A plea of not guilty by reason of insanity opens the door for evidence of past behavior, including prior criminal conduct. *Whitten* v. *State,* (1975) 263 Ind. 407, 333 N.E.2d 86. The Appellant argues that a defense motion *in limine* which sought to prevent this testimony was erroneously denied. This argument apparently is based on the fact that the evidence did nothing to rebut the Appellant's alibi defense. As already noted, this evidence was admissible to rebut the defense of not guilty by reason of insanity and the trial court committed no error in permitting its introduction.

When reviewing the jury's determination of the Appellant's legal sanity, we treat this issue not unlike other questions of

fact. We cannot weigh the evidence, nor can we judge the credibility of witnesses. This court will look to the evidence most favorable to the State and the reasonable inferences to be drawn from that evidence. If there is substantial evidence of probative value to support the conclusion of the trier of fact, that conclusion will not be overturned. *Maxey* v. *State,* (1976) 265 Ind. 244, 353 N.E.2d 457; *Blake* v. *State,* (1975) 262 Ind. 659, 323 N.E. 2d 227.

In addition to citing the allegedly inadmissible evidence discussed above, the Appellant directs our attention to the testimony of a defense expert who concluded that the Appellant was legally insane at the time of the crime charged. The prosecution offered an expert of its own, however, who came to the opposite conclusion. This same conclusion of legal sanity was reached by each of the three court-appointed physicians who testified. When this is combined with the lay testimony already discussed, the evidence is conflicting but certainly sufficient to sustain the jury's verdict.

## V. Exhibits

Next challenged in this appeal is the admission into evidence over defense objections of several photographs. The first photograph so challenged is State's Exhibit No. 8, a photograph of the pharmacy in which the crime in question was committed. The basis of the Appellant's objection at trial and his argument here is that this photograph was cumulative. No showing or contention has been made, however, that this exhibit in any way prejudiced the Appellant. An appellant must show that error complained of was prejudicial. *Hester* v. *State,* (1974) 262 Ind. 284, 315 N.E.2d 351.

Also admitted were three photographs of a Thunderbird automobile, State's Exhibits No. 13, No. 14 and No. 15. It is argued that no connection between the automobile and the Appellant was established before the introduction of the exhibits. We cannot agree. The photo-

graphs were identified as portraying an automobile which hit a phone pole near the scene of the crime. Two black men were seen running to the car from the direction of the robbed pharmacy. The same photographs were identified as portraying an automobile owned by an individual in whose company the Appellant was arrested. Eyewitnesses to the crime identified the Appellant as one of the perpetrators of the robbery. These facts, apart from others which have been brought out in this opinion, established a sufficient connection between the Appellant and the automobile to permit the photographs' admission into evidence. *Bailey* v. *State,* (1976) 264 Ind. 505, 346 N.E.2d 741.

We note that while the Appellant complains about the admission of the photographs of the car, no objection is made to the *testimony* regarding that automobile. Reversal may not be predicated upon the erroneous admission of evidence when evidence having the same probative effect is admitted without objection or without contradiction. *Boles* v. *State,* (1973) 259 Ind. 661, 291 N.E.2d 357.

Similar objection based upon a failure to show a connection with the Appellant is presented to the admission into evidence of State's Exhibit No. 24, currency and coins taken from the Appellant when he was arrested, and State's Exhibit No. 18-A, a nylon mask found in the automobile just discussed. The Appellant was clearly connected by eyewitnesses to the crime charged. The fact that Exhibit No. 24 was found on his person is connection enough to permit its admission into evidence. The evidence also showed that one of the perpetrators of the crime charged wore a nylon mask during the robbery. Given the connection between the automobile and the Appellant shown at trial, the finding of Exhibit No. 18-A in the car sufficiently connected it to the Appellant and the robbery to allow its introduction into evidence. *See: Bailey* v. *State, supra; Pulliam* v. *State,* (1976) 264 Ind. 381, 345 N.E.2d 229.

The Appellant's final contentions regarding exhibits admitted into evidence concern a "projectile" the prosecution

apparently contended was fired from a gun during the robbery. It is first asserted that the trial court erred in admitting testimony regarding the projectile. It is second asserted that the prosecution was guilty of misconduct in displaying the projectile, since the trial court sustained defense objections to its admission based upon the lack of a sufficient connection between the projectile and the crime charged.

We think it fundamental that before an exhibit may be introduced into evidence, counsel must elicit testimony on it to establish its relevance and materiality. This is the sort of testimony that was admitted here. When the exhibit subsequently was not admitted into evidence, it would have been proper for the trial court to strike any testimony concerning it and admonish the jury. The Appellant's brief presents no references to the record which show that a motion to do so was presented by defense counsel. In the absence of such a motion, the Appellant cannot now complain.

The "display" of the projectile cited by the Appellant apparently was the prosecutor's handing of the exhibit to a witness for identification. This was, on its face, proper. We can see no other way to identify an exhibit. Moreover, the Appellant has failed to show that any objection to the "display" of the projectile was presented to the trial court. Error not raised by proper objection at trial will not be considered on appeal unless the failure to consider it would deny an appellant fundamental due process. *Brown* v. *State*, (1975) 264 Ind. 40, 338 N.E.2d 498. Any error here does not rise to this magnitude.

## VI. Instructions

The Appellant urges error in the denial by the trial court of Defendant's Requested Instructions No. 6 and No. 8. Instruction No. 6 was a rather lengthy instruction concerning the presumption of innocence, the State's burden of proof, and the concept of reasonable doubt.

The record reveals, however, that a number of instructions were given to the jury on these concepts: Court's Instruction No. 2 set forth the State's burden of proof; Court's Instruction No. 9 defined reasonable doubt; Court's Instruction No. 10 set out the presumption of innocence (which is another way of stating the burden of proof) ; the presumption of innocence concept and the State's burden of proof were again stated in Court's Instruction No. 11. It is not error to refuse an instruction the substance of which is adequately covered in another instruction which is given. *Fuller* v. *State*, (1973) 261 Ind. 376, 304 N.E.2d 305.

The refusal of Instruction No. 8 was similarly proper. That instruction essentially stated that an accused need not establish his affirmative defenses, the defenses of legal insanity and alibi being involved here, and that the burden of proof never shifts from the State. Court's Instruction No. 9 stated in part:

> "The defendant in a criminal case is not required to satisfy the jury of the existence of any fact which if true is a defense. It is sufficient if from the evidence or want of evidence there is created in your minds, or in the mind of anyone of you, a reasonable doubt concerning his guilt."

This, together with the trial court's other instructions concerning the State's burden of proof, adequately instructed the jury on the principles embodied in Defendant's Requested Instruction No. 8.

The Appellant also urges error in the trial court's giving of State's Instruction No. 1:

> "The court instructs you that the question of insanity should be carefully considered by the jury because a due regard for the ends of justice and the welfare of society demand that a party guilty of a crime be convicted."

The trial court correctly defined legal insanity under applicable case law. As already noted, the trial court also adequately instructed on the State's burden of proof beyond a reasonable doubt. In view of such instruction, we do not think that State's Instruction No. 1 can be

said to so disparage the Appellant's defense of legal insanity that reversal is required. *Walker* v. *State,* (1976) 265 Ind. 8, 349 N.E.2d 161. Although not prejudicial under these facts, the giving of this instruction is certainly not best practice. We do not, in affirming the Appellant's conviction, intend to tacitly approve the instruction.

This case is remanded to the trial court with instructions to vacate the sentence imposed upon the Appellant's armed robbery conviction. The judgment of the trial court is otherwise affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J. dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—I cannot agree that State's Instruction No. 1 does not "disparage the defense of insanity." The instruction reads:

"The court instructs you that the question of insanity should be carefully considered by the jury because a due regard for the ends of justice and the welfare of society demand that a party guilty of a crime be convicted."

In *Dipert* v. *State,* (1972) 259 Ind. 260, 286 N.E.2d 405, we considered an instruction on the defense of insanity which said:

"The defense of temporary insanity is one very frequently made in cases of this kind, and is one which, I may say to you, should be very carefully scrutinized by the jury. The evidence to this point should be carefully considered and weighed by the Jury for the reason that if the accused were in truth insane at the time of the commission of the alleged act, then he ought not to be punished for such act. The evidence on this question of insanity ought to be carefully considered by the Jury for another reason, and that is, because a due regard for the ends of justice and the peace and welfare of society demands it, to the end that parties charged with a crime may not make use of the plea of temporary insanity as a means to defeat the ends of justice and a shield to protect them from criminal responsibility in case of violation of law." 259 Ind. at 263-64, 286 N.E.2d at 407.

This Court, in an opinion by Justice Arterburn, said of this instruction, "We hold that this instruction is unduly prejudicial since the court, by its statement, weakens a good faith defense of insanity." 295 Ind. at 264, 286 N.E.2d at 407. *Dipert* quoted *Aszman* v. *State,* (1889) 123 Ind. 347, 24 N.E. 123, saying of the same instruction:

> " 'It can hardly be said to contain the statement of any proposition of law, but is rather in the nature of a general disparagement of the defense of insanity which the accused had pleaded as provided by statute. . . . It is sufficient to say that as at present constituted, the court does not regard with favor any statements by the trial court which are designed to cast discredit or suspicion upon any defense which is recognized by the law as legitimate, and which an accused person is making in apparent good faith. In this respect we are unable to appreciate any well-grounded distinction between the defense of insanity, self-defense, or alibi.' Aszman, *supra,* at 359-60, 24 N.E. at 127." 259 Ind. at 264, 286 N.E.2d at 408.

*Dipert* went on to say:

> "In our opinion, the damaging feature of this instruction . . . is that it treats the defense of insanity as an unusual defense which should be particularly scrutinized. . . . It follows that the particular defense being made may not be singled out, criticized, or commented on beyond a statement of the law applicable thereto.
>
> [T]his instruction does not contain a statement of the law, but is rather a gratuitous comment of the court upon the character of the defense being made." 259 Ind. at 265, 286 N.E.2d at 408.

I believe that State's Instruction No. 1 singles out, criticizes, and weakens this appellant's defense of insanity no less than the instruction condemned in *Dipert* and *Aszman.* It is difficult to conceive how the jurors could understand this instruction other than as saying that insanity is a defense of doubtful legitimacy, and that they should hesitate to allow the accused to escape punishment by invocation of this defense. Instructions defining insanity and setting out the burden of proof of the State do not remove the aura of judicial disfavor of the defense of insanity created by this instruction.

Insanity is a defense long recognized by our statutes and case law. A criminal defendant is entitled to be free of instructions by the court which suggest that a defense recognized by the law and raised by the evidence ought nonetheless to be applied only with caution lest "the ends of justice and the welfare of society" suffer.

For these reasons I dissent from the opinion of the majority in this case.

NOTE.—Reported at 361 N.E.2d 1193.