LUTHER CHRISP *v.* STATE OF INDIANA.
[No. 477S273. Filed March 3, 1978.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant was convicted of commission of a felony (robbery) while armed with a deadly or dangerous weapon, Ind. Code § 35-12-1-1 (Burns 1975) repealed October

1, 1977. On appeal he contends that the evidence of his guilt was insufficient to support the verdict in two respects:

(1) the opinion evidence of appellant's age is not sufficient to prove that appellant was sixteen years of age; and

(2) the State failed to prove ownership of the money taken in the robbery.

On October 10, 1975, appellant and a companion entered a Kentucky Fried Chicken restaurant in Indianapolis. Appellant drew a pistol and forced the assistant manager to give him the money in the cash register. In some manner undisclosed by the record, investigating police officers came to suspect that an automobile owned by appellant's father was used by the robbers. A detective questioned appellant and was told that appellant was kidnapped by two armed men, who forced him to drive them to the restaurant. Appellant was identified by the assistant manager at trial as the robber who drew a pistol and received the money.

## I.

The sole evidence of appellant's age was the testimony of Detective James Smith of the Indianapolis Police Department, who observed and spoke with appellant, and testified at trial in November, 1976 that in his opinion appellant was over twenty-one years of age, possibly twenty-three or twenty-four. Appellant argues that this is not credible evidence of appellant's age, and that since it is an element of the offense charged, there is no substantial evidence of probative value of a necessary element of the offense, and the conviction must be reversed.

This argument seeks to induce this Court to reweigh the trial evidence. The opinion of a witness as to the age of the accused, based on personal observation, is sufficient evidence of age, if believed by the jury, to support the conviction. *Bobbitt* v. *State*, (1977) 266 Ind. 164, 361 N.E.2d 1193, 1196; *Kautzman* v. *State*, (1974) 161 Ind. App. 640, 316 N.E.2d 857, and cases cited at 859-60.

## II.

The information charging appellant alleged that the money taken in the robbery was the property of "Chicken Enterprises, Inc." At trial there was no testimony regarding ownership of the money, and the restaurant at which the robbery occurred was referred to by the names of two separate chains of fast-service fried chicken emporia.

Appellant first argues that the absence of proof of ownership of the money taken resulted in the failure to prove an element of the offense of armed robbery. An ▆▆▆▆ offense under section 35-12-1-1, the armed felony statute, consists of the elements of the underlying or embodied felony together with two additional elements: age and being armed with a deadly or dangerous weapon. The elements of the offense of robbery are set out in Ind. Code § 35-13-4-6 (Burns 1975) repealed October 1, 1977, as follows:

"Whoever [1] takes [2] from the person of another [3] any article of value [4] by violence or by putting in fear, is guilty of robbery. . . ."

Notably absent from this schema is title to the "article of value" taken, and accordingly it has been held that it is not necessary in a robbery prosecution to prove ownership of the property taken. *Jackson* v. *State*, (1971) 257 Ind. 477, 275 N.E.2d 538. The fact that the State needlessly alleges ownership does not obligate the State to prove it. *Thomason* v. *State*, (1970) 255 Ind. 260, 263 N.E.2d 725; *Madison* v. *State*, (1955) 234 Ind. 517, 130 N.E.2d 35.

Appellant would also argue that a material variance between pleading and proof existed in the matter of ownership of the money taken in the robbery. He equates the ▆▆▆▆ testimony of the various witnesses naming the restaurant at which the robbery occurred with proof of ownership of the money taken. This testimony merely identified the place where the robbery occurred, and in no way conflicted with the allegation of ownership in the informa-

tion. Appellant was correct in his initial assertion that no proof whatsoever was received as to the ownership of the money. However we have already determined that no such proof was required.

Accordingly, the judgment is affirmed.

Givan, C.J., Hunter, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 372 N.E.2d 1180.