## RUSSEL MACARTHUR TANNER AND ROBERT CHARLES BRANCH *v.* STATE OF INDIANA

[No. 3-676A131. Filed September 21, 1978.]

*Harriette Bailey Conn*, [Mrs.], Public Defender of Indiana, *David P. Freund, Bobby Jay Small, Lawrence D. Giddings*, Deputy Public Defenders, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David T. O'Malia*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Appellants Branch and Tanner were charged in a two-count information with robbery and commission of a felony while armed. Following the jury's verdict finding them guilty as charged, the trial court sentenced appellants on both counts. Appellants filed a motion

to correct errors alleging, among other issues, that it was error to sentence appellants on both counts. The court granted that part of the motion to correct errors, vacating the sentence on the lesser offense of robbery. The appellants then filed a motion to correct errors on the court's modified judgment which was denied by the trial court. Appellants argue (1) that the court erred when it refused to give two instructions on lesser included offenses and (2) that the evidence was insufficient as a matter of law to show that the appellants were over 16 years of age and that they were the perpetrators of the offense.

## I.

Appellants argue that the court erred when it refused to instruct the jury that the offenses of robbery[1] and committing a crime of violence (robbery) while armed with a firearm[2] were lesser offenses included in the offense of commission of a felony while armed with a deadly weapon.[3] Robbery is a lesser offense included within the offense of commission of a felony while armed. *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815. But the test for determining whether it was error for the court to refuse an instruction on robbery "is not only whether the lesser offense is necessarily included within the greater offense, as charged, but also, whether there was evidence adduced at trial to which the included offense instruction was applicable." *Harris v. State* (1977), 266 Ind. 661, 366 N.E.2d 186, at 188. Here, as in *Harris*, the uncontradicted evidence was that the robbers were armed with a sawed-off shotgun. Thus, to have given the requested robbery instruction would have suggested a compromise verdict. *See: Hester v. State* (1974), 262 Ind. 284, 315 N.E.2d 351, at 354.

As to appellants' second tendered instruction, committing a crime of violence (robbery) while armed with a firearm is not a lesser offense included in commission of a felony while armed with a deadly weapon. *St. Germain v. State* (1977), 267 Ind. 252, 369 N.E.2d 931. In *St. Germain v. State, supra,* 369 N.E.2d at 932, our

---

1. IC 1971, 35-13-4-6 (Burns Code Ed.).

2. IC 1971, 35-23-4.1-2 (Burns Code Ed.).

3. IC 1971, 35-12-1-1 (Burns Code Ed.).

Supreme Court rejected an argument similar to appellants, stating:

> "The instruction requested would have permitted the jury to return a single verdict of guilty of committing a 'crime of violence when armed with a firearm', and upon such verdict assess a lone determinate term of imprisonment between one and ten years. As a lone and final penalty that determinate term would have been contrary to the clear textual requirement of the provisions . . . that such penalty be meted out only 'in addition to the punishment provided for the crime', i.e., the subsumed crime of violence, here robbery. These provisions are after all, part of a gun law and as such deal with the presence of a gun at the time and place of a 'crime of violence', and focus upon the increased danger to human life arising from such presence. As such, their purpose is to effectuate a greater penalty for a 'crime of violence' committed with a weapon than that deemed appropriate for such violent crime when committed unarmed . . . ."

Appellants argue that the evidence is insufficient to show that the appellants were over the age of 16 at the time of the robbery as required by § 35-12-1-1. The only testimony presented at trial as to the age of the appellants was that of Officer Hamilton who testified that he had known appellants Branch and Tanner for about three years and that from police department records he knew their ages to be 19 and 18 years respectively. This evidence was sufficient to support the jury's finding that appellants were over the age of 16.

*Asocar v. State* (1969), 252 Ind. 326, 247 N.E.2d 679;

*Kautzman v. State* (1974), 161 Ind.App. 640, 316 N.E.2d 857, at 859.

Appellants also allege that the evidence is insufficient to establish their identity as the armed robbers. The evidence most favorable to the State is that three black males were seen in the vicinity of the Harrison Street Tavern shortly before and after the robbery therein. Patrons and employees of the tavern testified that a tall black man about six feet tall came in the front door and pointed at the cash register. A shorter black male came in the back door carrying a sawed-off shotgun and demanded that the bartender hand over the money. The robber in front grabbed the cash register drawer that the bartender handed him and the two fled the premises.

A patron, Mr. Woodrum, was the only person who identified appellants

as the robbers, basing his identification upon appellants' height and noses. While we agree that Woodrum's identification testimony was not without equivocation or uncertainty, we need not decide whether it alone would be sufficient as there is circumstantial evidence, hereinafter set out, to support the jury's finding that appellants were the armed robbers. *See: Lottie v. State* (1974), 262 Ind. 124, 311 N.E.2d 800, at 803.

Patricia Robinson, employee of a nearby restaurant, testified that she saw three black males, one of whom was carrying a gun, running toward Harrison Street Tavern. Although she couldn't identify the robbers she described one as about six feet tall, another as about five foot ten inches, and the third as a small male about 13 or 14 years old. Gilbert Woodrum, patron, and George Aurand, owner, both testified that the two black males who entered the bar were wearing ski masks with holes cut in them. They described the male who came in the front door as being taller and of lighter complexion than the second male who came in the back door carrying a sawed-off shotgun. Aurand and Frank Corrighan, bartender, both testified that the second male carrying the shotgun was wearing blue jeans that were bleached or faded in spots.

The appellants and the State stipulated that State's Exhibit No. 1 was the sawed-off shotgun that police seized from the house at 701 Wolf Street. Woodrum identified the shotgun as the one he saw appellant Branch holding during the robbery. Aurand testified that the shotgun looked like the same one since it was a pump gun "cut off right about at the magazine."

Linda Borum, Beverly Joiner and Ernest Smith all testified that they were present at 701 Wolf Street, the night of the robbery at Harrison Street Tavern. They testified that the two appellants and Robert Tanner (Beaver), 13-year-old brother of appellant Tanner, left the residence between 11:00 and 12:00 that evening carrying a shotgun and returned 30-45 minutes later still carrying the gun. Smith followed them upstairs and observed a lot of money in small bills which appellants and Beaver divided among themselves, giving Smith several dollars also. Smith testified that appellants told him that they had gone across the tracks and gotten the money because they wanted to help a relative get out of jail.

Joiner, Borum and Smith all testified that appellant Branch was wearing a jeans outfit and that the jeans were faded or bleached in spots. Joiner also testified that Beaver cut holes in a stocking cap before he left with appellants.

Finally, Beaver was called to testify as a State witness. Beaver testified that he was not present at 701 Wolf Street the night of the robbery, denied that he left with the appellants or returned with a lot of money in small bills, and denied making a statement to police. Beaver's prior statement to the police, signed in the presence of his attorney, was admitted into evidence solely for the purpose of impeachment.

This Court cannot weigh the evidence or resolve questions concerning the credibility of the witnesses, that being the function of the jury. *Merritt v. State* (1978), 267 Ind. 460, 371 N.E.2d 382, at 383. The above evidence is sufficient to support the jury's finding that appellants committed the crime of armed robbery at the Harrison Street Tavern.

The judgment is affirmed.

Affirmed.

Garrard, P.J. and Staton, J. concur.

NOTE—Reported at 380 N.E.2d 589.