**Grady T. BOBBITT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1183S419.**

Supreme Court of Indiana.

Jan. 2, 1986.

Susan K. Carpenter, Public Defender, and Michael Hunter Freese, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., and Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Petitioner (Appellant) was convicted of commission of a felony (robbery) while armed, Ind.Code § 35-12-1-1 (Burns Code Ed., 1975) and infliction of injury during a robbery, Ind. Code § 35-13-4-6 (Burns Code Ed., 1975). He was sentenced to consecutive terms of eighteen (18) years and life imprisonment respectively. On direct appeal this Court vacated the "robbery" while armed conviction because that offense was embodied in the "infliction of injury" offense, the conviction therefor having been affirmed. See *Bobbitt v. State* (1977), 266 Ind. 164, 361 N.E.2d 1193 (DeBruler, J., dissenting).

Petitioner subsequently petitioned for post-conviction relief under Ind. Rules of Procedure, Post Conviction Rule 1. The post-conviction trial court denied the petition, and Petitioner now appeals, and assigns the following two issues:

1. Whether Petitioner was provided with effective assistance by trial counsel.

2. Whether Petitioner is entitled to a new trial because of certain newly-discovered evidence.

We affirm the denial of post-conviction relief.

Evidence presented at the initial trial established that Petitioner and at least two other men were involved in the robbery of a South Bend drug store. A customer was wounded during the robbery.

## ISSUE I

■ Our standard of review on appeals from the denial of post-conviction relief is as follows:

"Petitioner has the burden of proof and stands in the shoes of one appealing from a negative judgment. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. It is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law."

*Young v. State* (1984), Ind., 470 N.E.2d 70, 71–72; *see also Neville v. State* (1982), Ind., 439 N.E.2d 1358, 1360 and cases there cited.

Petitioner contends that he did not receive minimally effective representation by trial counsel, in that counsel presented inherently contradictory defenses, i.e. alibi and not guilty by reason of insanity. We do not agree.

This Court now reviews claims of ineffective assistance by trial counsel under the two-step test established by the Supreme Court of the United States in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and integrated into our caselaw beginning with *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, 1294–97.

"Under the first step, or 'performance component,' the defendant must demonstrate that the alleged acts or omissions by counsel fell outside the wide range of competent professional assistance. A strong presumption exists that counsel rendered adequate legal assistance. If the defendant satisfies step one of the test, he then must establish the second step, or 'prejudice component,' under which the defendant will be entitled to relief only if the reviewing court determines that counsel's errors had an adverse effect upon the judgment." (Citations omitted.)

*Richardson v. State* (1985), Ind., 476 N.E.2d 497, 501. In this case Petitioner has not demonstrated that counsel's performance in any respect fell outside the wide range of competent professional assistance.

Shortly before he went to trial upon these charges, Petitioner was found not guilty by reason of insanity upon an unrelated murder charge. Based upon the result in that proceeding, Petitioner's behavior during conferences with counsel, and a new psychological evaluation supporting the insanity defense, trial counsel determined to interpose the defense of not guilty by reason of insanity. Petitioner, however, insisted from the outset that he was not present when the robbery occurred and relied upon testimony by an accomplice, Laster, that he, Petitioner, was not present when the crime was committed.

Because of Petitioner's insistence, counsel presented the alibi defense, as well as the claim of not guilty by reason of insanity. Petitioner now claims that this decision was grievous error by counsel, in that the defenses were "inherently contradictory": i.e., the jury would have been confused by claims that Petitioner was not present at the scene and yet, if he were present, that he was not capable of forming the *mens rea* essential to a criminal offense. We disagree because the alibi and insanity defenses were not necessarily contradictory.

The trial record reveals that the trial judge allowed the parties to present their evidence, then received evidence from the court-appointed psychiatrists concerning Petitioner's sanity. The trial judge properly gave the jury instructions concerning both the burden of proof required to con-

vict Petitioner of the crimes charged and the standards they were to apply in determining whether he was legally sane at the time he committed the acts charged.

Certainly, the invocation of the insanity defense did not exclude the invocation of an alibi defense or vice versa. That was a matter of trial strategy, which this Court will not second-guess.

### ISSUE II

Petitioner also contends that he is entitled to a new trial because of certain alleged "newly-discovered" evidence. If the evidence was "newly-discovered" at all, we do not agree because the evidence was neither worthy of credit nor, as the post-conviction trial court found, would the evidence probably lead to a different result at a new trial.

To justify a new trial on the basis of newly-discovered evidence, a petitioner must establish:

"(1) the evidence has been discovered since the trial;

(2) it is material and relevant;

(3) it is not cumulative;

(4) it is not merely impeaching;

(5) it is not privileged or incompetent;

(6) due diligence was used to discover the evidence in time for trial;

(7) the evidence is worthy of credit;

(8) the evidence can be produced at a new trial; and

(9) the evidence will probably produce a different result at a new trial."

*Cox v. State* (1981), 275 Ind. 688, 697, 419 N.E.2d 1279, 1285; *Emerson v. State* (1972), 259 Ind. 399, 406–07, 287 N.E.2d 867, 871–72.

Laster and one Vaughn Jones were also involved in the robbery. Laster testified at the initial trial that Petitioner was not involved in the incident. However, he refused to testify as to the identity of the person involved, such person having been identified as Petitioner by the State's witnesses. At the post-conviction relief hearing, Laster and Jones both testified that the third individual involved in the robbery

was one Pulliam, who had subsequently died. Laster testified that he did not reveal Pulliam's involvement initially because he feared subjecting his family to retribution from Pulliam. No explanation was forthcoming from Jones. We further note that the record reveals that counsel had interviewed Pulliam before the trial and that he denied any involvement in the robbery.

First, we agree with the State's argument that this evidence is merely cumulative. At the initial trial, Laster testified that Petitioner had not been involved in the robbery, and the "new" testimony from Laster and Jones merely supports that evidence. Second, in view of Laster and Jones' admitted involvement in the crime, their credibility at a new trial would be suspect. Finally, in view of the identification of Petitioner by witnesses to the robbery and substantial circumstantial evidence of his guilt, see *Bobbitt,* 266 Ind. at 167, 361 N.E.2d at 1195, we agree with the post-conviction trial court's conclusion that such evidence would be unlikely to lead to a different result at a new trial. In a case presenting analogous facts this Court recently upheld the denial of a post-conviction relief petition sought on the basis of "newly-discovered" testimony by accomplices. See, *Lynk v. State* (1985), Ind., 479 N.E.2d 551. We reach the same conclusion here.

The denial of post-conviction relief is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.