William C. ROBERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 481S112.

Supreme Court of Indiana.

Feb. 12, 1982.

John W. Brooks, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., of Indiana, Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged in a four-count information of Theft, two counts of Attempted Murder and resisting a law enforcement officer. Trial by court resulted in a finding of guilty on all four counts. He received sentences of two years on the theft count, forty years on the attempted murder counts, and two years on the resisting arrest count. The sentences were to be served concurrently. Appellant does not question his conviction on the theft count or the resisting arrest count, but confines his assignments of error in this cause to the murder counts.

The record shows the following facts. At approximately 2:00 A.M. on April 29, 1980, Indianapolis Police Officer Roy Street was on routine patrol at the corner of Woodlawn and Virginia Avenue in the City of Indianapolis. As he passed Mac's Auto

Sales, he observed a person later identified as the appellant in this cause crouching next to a vehicle parked in the auto sales lot. As the police officer got out of his car to investigate he noticed an automobile at the scene had both its trunk and hood open and there was an automobile tire and wheel in the trunk of the car, and also one in the backseat of the car. Appellant came from behind the car and stated that his car would not start. As the officer and appellant talked, the officer noticed a tire and jack sitting a few feet in front of appellant's car.

At this point appellant entered his car and attempted to start it. The officer ordered the appellant from the car and attempted to place handcuffs on him. Immediately the appellant began to struggle and shouted, "Don't beat me. Don't beat me." As the officer and appellant struggled, the officer struck the appellant in the forehead with his flashlight. Meanwhile the appellant continued to shout, "Don't beat me."

As the two fought, the officer informed appellant that he should "Quit fighting, or I will let this dog out of the car." While fighting with appellant the officer was able to contact other officers through a microphone attached to his jacket. As the officer and appellant struggled, the officer's dog became excited and was trying to get out of the backseat of the police car to aid the officer.

Appellant claims now that the activity of the dog and the presence of the officer caused him to be fearful he was going to be attacked. As the officer drew his revolver to try to subdue the appellant, the appellant grabbed the barrel of the gun and a fight for possession of the gun ensued. The officer testified he could have shot appellant but he chose not to hoping to subdue him without injuring him.

In the meantime appellant pulled a razor from his pocket and held it to the officer's throat advising him to drop the pistol, which the officer did. With appellant then in possession of the gun, the officer attempted to get behind his car in order to put the automobile between he and appellant. However, appellant fired a shot striking the officer in the calf of the leg. As the officer then got behind the car, four more shots were fired, one of which blew the antenna from the police vehicle. At that time Officer Robert Harlis, responding to Officer Street's call for help arrived at the scene, and as he alighted from his car appellant pointed the gun at him and fired the remaining shot at Officer Harlis. The shot struck Officer Harlis's car. Appellant jumped in his automobile and fled the scene. As he did so, Officer Harlis fired a shot breaking the rear window behind the driver of the fleeing car. Continued pursuit of appellant resulted in the officers being directed to appellant's house where he was apprehended hiding behind a mattress in a storage closet.

It is appellant's contention that the finding of guilty of attempt to commit murder is not sustained by sufficient evidence. Appellant maintains the evidence failed to offer any substantial proof that appellant performed either of the two acts necessary to commit an attempt. He correctly maintains that first the State must prove the defendant was acting with a specific intent to commit the crime and second he must be shown to have engaged in an overt act which constitutes a substantial step toward the commission of a crime. Appellant claims he was so much under the influence of drugs and alcohol he could not form the requisite intent, and further that because of the action of the police officer and the police officer's dog he was fearful that he was going to be injured and, therefore, he reacted in self-defense only.

 In order for an appellant to be relieved from responsibility of the crime charged by reason of intoxication, he must be so intoxicated as to be incapable of entering the required specific intent. *Greider v. State*, (1979) Ind., 385 N.E.2d 424; *Patterson v. State*, (1978) Ind., 371 N.E.2d 1309. The degree of intoxication is a question of fact to be decided by the trier of fact, and the burden of proving intoxication is on the defendant. *Dobrzykowski v. State*, (1978) Ind., 382 N.E.2d 170.

In the case at bar the only evidence that appellant had taken any drugs or was under the influence of alcohol was his own testimony to that effect. The police officers involved testified that they smelled no liquor on appellant's breath, that he did not act as though he were intoxicated, or under the influence of any drugs. Sergeant Jack Orhberg viewed the appellant at length immediately following his arrest and stated that based upon his years of experience as a police officer, he was of the opinion the appellant was not under the influence of either alcohol or drugs.

 It is the prerogative of the trier of fact to believe the witnesses or disbelieve them, and to disregard the testimony of a witness they do not believe. *Borden v. State*, (1980) Ind., 400 N.E.2d 1368. The trial court had ample evidence before it to support the finding that appellant was not under the influence of drugs or alcohol at the time of the commission of the offense.

Appellant claims that he was so in fear that he acted in self-defense and that the State failed to prove that he made, "No hard, cold decision to shoot a wounded man." Malice and purpose can be inferred from deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260; *Hemphill v. State*, (1979) Ind., 387 N.E.2d 1324.

In addition the requisite knowledge or intent may be inferred from the nature of the attack upon the victim and the circumstances surrounding the crime. *Washington v. State*, (1979) Ind., 390 N.E.2d 983; *Birkhalter v. State*, (1979) Ind., 397 N.E.2d 596. It seems hardly necessary to say the facts above stated are more than sufficient to sustain the trial courts finding of attempted murder.

Officer Street was in uniform, driving a marked car, had stopped and conversed with the appellant concerning his activity, had attempted to make an arrest of the appellant, had been subjected to an overt attack by the appellant upon his person, had been wounded in a leg, and after having been wounded the officer was forced to hide behind his car to avoid being struck again by bullets from his own gun.

When Officer Harlis attempted to come to the rescue of Officer Street, appellant turned and fired a shot at him which shot struck Officer Harlis's patrol car. When these facts are coupled with the additional fact that appellant obtained Officer Street's gun by holding a razor to Officer Street's throat and threatening to slit his throat if he did not drop the gun, it becomes ludicrous to say the appellant was engaged in an act of self-defense during this altercation.

Appellant's further contention that the gun went off accidentally during the altercation is hardly deserving of further comment. There is an abundance of evidence in this record from which the trial court could logically find that appellant fired shots at both police officers with malice and premeditation with the intent to take their lives.

The trial court is in all things affirmed.

All Justices concur.