**Glenn Leigh JOHNSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 882S327.

Supreme Court of Indiana.

April 13, 1983.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Glenn Leigh Johnson, was convicted by a jury of robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and was sentenced to the Department of Correction for a period of fifteen years. His direct appeal raises the following issues for our review:

1. Whether the trial court erred in admitting certain photographs into evidence over objections of an inadequate foundation;

2. Whether the trial court erred in allowing one of the state's witnesses to testify when defendant was not notified that the witness would be called; and

3. Whether there was sufficient evidence of probative value on each element of the crime to support the jury's verdict.

A brief summary of the facts from the record most favorable to the state shows that there was a robbery in a tavern in Fort Wayne, Indiana, on October 3, 1981. The owner, James White, testified that a black male, wearing a stocking cap and a long coat entered the bar around 11:00 p.m. and pulled out a gun. He demanded all of the money from the cash register and from the four patrons who were in the bar. Defendant collected all the money from the cash register and from the patrons into a sack and ordered everyone to one side of the room before he fled.

## I.

Defendant first contends that the court erred in admitting into evidence seven photographs because the state had failed to establish a sufficient foundation prior to their admission. The photographs were those used by the police during an identification session with the victims and included one photograph of defendant. The photographs were first offered as evidence during the testimony of the police officer who conducted the identification session. At that time, defendant objected on the basis of an insufficient foundation and the objection was sustained. The photographs were admitted later in the trial during the testimony of one of the victims who had viewed them and who had selected defendant's photograph and identified him as the robber. Four of the five victims made unequivocal in-court identifications of defendant and picked defendant's photograph out of the photographic display. The fifth victim testified that she had not had a clear view of the robber. She was unable to make an in-court identification and had chosen two photographs from the display, one of which was defendant's photograph.

It is well settled that before an exhibit is introduced into evidence a foundation must be laid to establish its relevance and materiality. *Bobbitt v. State,* (1977) 266 Ind. 164, 361 N.E.2d 1193. Evidence having some tendency to prove a material fact is relevant, and it is only necessary to show that an exhibit is connected to the defendant and is properly identified in order to show a sufficient foundation. Rulings on the relevancy of the evidence and the sufficiency of the foundation are matters addressed to the sound discretion of the trial court and its decisions will be reversed only for an abuse of that discretion. *Turpin v. State,* (1980) Ind., 400 N.E.2d 1119; *Williams v. State,* (1979) 270 Ind. 573, 387 N.E.2d 1317; *Barnes v. State,* (1975) 263 Ind. 320, 330 N.E.2d 743; *Sutton v. State,* (1981) Ind. App., 422 N.E.2d 430.

Here, defendant objects that there was no description of the method used by the police to select these seven photographs for the photographic lineup. He argues that this resulted in a lack of a proper foundation for the introduction of the photographs and also was evidence that the photographic identification was impermissibly suggestive. We find no error here since one of the victims who actually viewed the photographic display identified the photographs when they were admitted. The photographs were certainly relevant to show that the victims identified defendant from this array.

Defendant's argument of an impermissibly suggestive identification procedure is an issue that does not apply to the lack of foundation argument. At trial, defendant did not object to the in-court identifications or to the procedure used in the pretrial identifications. Accordingly, no error as to that issue has been preserved. *Drake v. State,* (1979) Ind., 397 N.E.2d 600; *Pointon v. State,* (1978) 267 Ind. 624, 372 N.E.2d 1159.

## II.

Defendant next contends that the trial court erred in allowing one of the victims, Arthur Jackson, to testify when his name was not listed on the state's charging information. It is correct, as defendant points out, that our statute provides that the state shall list the names of all material witnesses on the indictment or information. Ind.Code § 35–3.1–1–2(c) (Burns 1979 Repl.). However, we have held that the state's failure to list potential witnesses on a charging information did not prejudice a defendant who was well aware of that person's identity and status as a potential state's witness. *Fortson v. State,* (1978) 269 Ind. 161, 379 N.E.2d 147.

The usual remedy in instances of this nature is a motion for a continuance. However, no such motion was made in this case. The sanctions for failure to comply with a discovery order are discretionary with the trial court, not mandatory. Ind.R. Tr.P. 37; *Lund v. State,* (1976) 264 Ind. 428, 345 N.E.2d 826. There is no indication that

the failure to list this witness was an act of bad faith or deliberate suppression.

 We find no prejudice to defendant in this case as he acknowledges the prosecutor's office extended an "open file" policy to his counsel prior to trial. The names of all the victims were in the police report and subpoenas were issued to all of them. Furthermore, Jackson's testimony was merely cumulative since three other victims had already identified defendant as the man who robbed them. Reversal may not be predicated upon the erroneous admission of evidence when evidence of the same probative effect is admitted without objection. *Bobbitt v. State, supra.*

### III.

 Defendant finally contends that there was insufficient evidence on all the elements of the crime to support the jury's verdict. Our standard on reviewing the sufficiency of the evidence is well settled. We will neither reweigh the evidence nor judge the credibility of witnesses; rather, we look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the judgment will not be overturned. *Walker v. State,* (1982) Ind., 442 N.E.2d 696; *Fielden v. State,* (1982) Ind., 437 N.E.2d 986; *Wofford v. State,* (1979) Ind., 394 N.E.2d 100.

In the instant case, four victims of the robbery identified defendant as the robber. They testified that defendant was armed and that they each surrendered money to defendant by placing it either on the bar or in a sack. One of the victims testified that he placed all the money laid on the bar in defendant's sack. Even though some of the money was literally taken from the surface of the bar, it was the property of the individual victims and of the tavern that was taken. The victims also testified that the time of the robbery was between 10:45 and 11:00 p.m. This testimony placed the occurrence of the robbery sufficiently close to the time of "approximately 11:00 p.m." that the state alleged in its answer to the alibi notice.

 Defendant contends that the evidence of intent was insufficient in light of certain testimony that he acted peculiarly and had been drinking. The evidence favoring the verdict and summarized above shows that he conducted himself in a deliberate manner and carried out a design to take the money including steps to insure his safe escape. The capacity to conceive a design is ordinarily sufficient. *Cowans v. State,* (1980) Ind., 412 N.E.2d 54. The evidence of intoxication was for the trier of fact alone. There was no instruction given to the jury on the defense of intoxication, and therefore no reliance upon that defense can be had. *Owens v. State,* (1980) Ind., 400 N.E.2d 1124. From all of the facts presented, it is clear that the verdict of the jury was supported by sufficient evidence.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.