**Richard L. MYERS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 782S252.

Supreme Court of Indiana.

Oct. 19, 1983.

James V. Tsoutsouris, Public Defender of Porter County, James A. Johnson, Deputy Public Defender, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Defendant, Richard L. Myers, was convicted of robbery, a Class B felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and was sentenced to twenty years' imprisonment. In his direct appeal, he raises the following three issues:

1. Whether the trial court erred in admitting into evidence various items seized from defendant's motel room during a warrantless search;

2. Whether the trial court erred in refusing to give defendant's instruction on a lesser included offense; and

3. Whether the trial court abused its discretion by enhancing defendant's sentence.

A brief statement of the facts most favorable to the state shows that on July 29, 1981, defendant robbed the Hilltop Store on U.S. Highway 6 in Porter County, Indiana. After selecting several toiletry items, defendant pulled a knife on the clerk and demanded all of the money in the cash register. Defendant threw the money in a paper sack containing the toiletry items and fled in a pickup truck. The clerk wrote down the license plate number and called the Porter County Sheriff's Department. Both the clerk and the store manager, who had observed defendant enter and leave the store, selected defendant's picture from a photograph array. Based on this information, defendant was arrested the following day.

I.

Defendant first argues that the trial court erred in admitting evidence that had been seized from defendant's former motel room during a warrantless search. According to the testimony at trial, defendant checked into the L & G Motel in Westville, Indiana, on July 29 and paid in advance for two days. On July 30, William Woods, a detective from the Porter County Sheriff's Department entered the room rented to defendant but did not find him. Woods eventually arrested defendant at a pool hall. Woods returned to the motel the following day, after the 10:00 a.m. checkout time, and obtained the manager's permission to search the room. Woods seized the various toiletry articles and personal property not belonging to the motel. Woods did not have a search warrant either time he entered the room. The toiletry items were admitted into evidence at defendant's trial. Defendant admits that probable cause existed for his arrest at the time of the initial search but argues that this was insufficient to support a warrantless arrest and, therefore, the first entry into the room was unconstitutional. Because defendant was not arrested in the motel room, he argues that the subsequent search of the room was not incident to a lawful arrest and thus was unconstitutional.

Probable cause alone is insufficient to justify a warrantless arrest of a person *in his home.* Exigent circumstances making it impractical to procure a warrant are also necessary. *Payton v. New York,* (1980) 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639; *Banks v. State,* (1976) 265 Ind. 71, 351 N.E.2d 4; *Stuck v. State,* (1970) 255 Ind. 350, 264 N.E.2d 611. A motel room may be a "home" for Fourth Amendment purposes. *United States v. Akin,* (7th Cir. 1977) 562 F.2d 459, *cert. den.* 435 U.S. 933, 98 S.Ct. 1509, 55 L.Ed.2d 531 (1978); *Mowrer v. State,* (1983) Ind.App., 447 N.E.2d 1129. Defendant was not arrested in his motel room, however, but in a public place. An officer may arrest a person in a public place without a warrant if there is probable

cause to believe that the person has committed a felony. *United States v. Watson,* (1976) 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598; *Funk v. State,* (1981) Ind., 427 N.E.2d 1081; *Gardner v. State,* (1979) 270 Ind. 627, 388 N.E.2d 513. We will address the legality of the first search, however, because defendant is not challenging the legality of his arrest, but the seizure of the property.

■ Although not specified in his brief, defendant appears to be arguing that the evidence seized was the fruit of the first warrantless search in addition to being a product of the second search. However, a review of the record supports a finding of exigent circumstances to justify the first search of defendant's motel room. The investigating officers knew that defendant was driving a pickup truck with a Kansas license plate; they knew that he had given an out-of-state address when he registered at the motel; they knew that he had little or no ties in Indiana and that defendant had been involved in other criminal offenses in other states. Based on this information, it was reasonable to conclude that defendant would leave the state before an arrest warrant could be obtained. Thus, the first search of defendant's room did not violate the Fourth Amendment.

■ Furthermore, even if the first search was unlawful, the second search was sufficiently independent of the first to relieve it of any taint. *See Wong Sun v. United States,* (1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. The record shows that Woods did not actually search the room or disturb anything during the first search. Rather, he only determined that defendant was not in the room and left. Although Woods did testify that he observed a bottle of Skin Bracer aftershave lotion setting on a dresser, he did not seize any property. Instead, he returned to the room after defendant had been arrested and his rental period had expired. This search was a logical continuation of the investigatory procedure once an arrest had been made. *Fair v. State,* (1977) 266 Ind. 380, 364 N.E.2d 1007; *Whitten v. State,* (1975) 263 Ind. 407, 333 N.E.2d 86.

■ Moreover, once defendant's rental period had expired, he no longer had an expectation of privacy. It is this right that the Fourth Amendment prohibition against warrantless searches protects. *Payton,* 445 U.S. at 589, 100 S.Ct. at 1381, 63 L.Ed.2d at 653; *Paxton v. State,* (1970) 255 Ind. 264, 263 N.E.2d 636. Fourth Amendment protection of a motel or hotel room ends at the conclusion of the rental period. *United States v. Akin,* (7th Cir.1977) 562 F.2d 459, 464. Thus it was not error to admit into evidence the various items seized because the second search was lawful.

## II.

Defendant argues next that the trial court erred in not instructing the jury on lesser included offenses. Defendant contends that there was evidence from which the jury could have found him guilty of theft or criminal trespass. This contention is based on the fact that the only evidence that defendant was armed and had placed someone in fear was the uncorroborated testimony of the store clerk. Because the jury was not instructed on lesser included offenses, defendant argues that undue emphasis was placed on this testimony.

■ The test for determining whether it was error to refuse an instruction on lesser included offenses is whether the lesser included offense is necessarily included as charged, *and* whether the instruction is applicable to the evidence introduced at trial. *Rogers v. State,* (1979) 396 N.E.2d 348; *Rowley v. State,* (1979) 271 Ind. 584, 394 N.E.2d 928. In the present case, the evidence indicated the guilt of defendant as charged. He was identified by two witnesses as the person who robbed the store. The clerk testified that defendant used a knife during the robbery and that she was in fear. She also identified the knife. The uncorroborated testimony of the victim is sufficient to sustain a conviction. *Johnson v. State,* (1983) Ind., 446 N.E.2d 1307; *Brown v. State,* (1982) Ind., 435 N.E.2d 7. It was within the jury's province to believe the witness or not. If they disbelieved the witness they would have acquitted defend-

ant. To have given the tendered instruc-. tion would have invited a compromise verdict. *Harris v. State,* (1977) 266 Ind. 661, 663, 366 N.E.2d 186, 188. There was no trial court error.

## III.

Defendant's final argument is that the trial court erred in sentencing defendant to an additional ten years for aggravating circumstances. He argues that the state failed to submit evidence of prior convictions or parole records to support the enhanced sentence and that the trial judge failed to give a statement of the particular facts and circumstances to support the sentence. We find no merit in these contentions.

■ Contrary to defendant's belief, the state was not required to introduce certified copies of prior convictions or documents concerning parole. What is required is that the trial court consider a presentence report before sentencing defendant. Ind.Code § 35–4.1–4–9 (35–50–1A–9) (Burns 1979 Repl.). A review of the record reveals that the trial judge had the presentence report at the sentencing hearing and that defendant had reviewed the report. The trial judge relied upon this report in finding that defendant's prior criminal activity was an aggravating circumstance. Additionally, defendant testified that he did have a prior theft conviction and parole violation. The judge also heard testimony from police officers having personal knowledge of defendant's prior criminal activity. The state presented sufficient evidence to support the finding that defendant had prior criminal activity.

■ The record also shows that the trial judge thoroughly and specifically stated his reasons for enhancing the sentence as required. Ind.Code § 35–4.1–4–3(3) (35–50–1A–3(3)) (Burns 1979 Repl.); *Robinson v. State,* (1983) Ind., 446 N.E.2d 1287; *Gardner,* 270 Ind. at 633, 388 N.E.2d at 517. The judge considered the nature of the crime, including the victim's testimony. He considered defendant's past criminal record and the fact that the offenses became "in-creasingly severe and increasingly dangerous." He found that defendant previously had violated parole and that the imposition of a reduced sentence would depreciate the seriousness of the crime. The record supports these findings. Consequently, the trial judge did not abuse his discretion by enhancing defendant's sentence.

For all of the foregoing reasons, we find no reversible error and the judgment and sentence are affirmed.

Judgment affirmed.

GIVAN, C.J., and PIVARNIK, J., concur.

PRENTICE, J., concurs in result.

DeBRULER, J., concurs in result with opinion.

DeBRULER, Justice, concurring in result.

As I understand the United States Supreme Court in *Payton v. New York,* (1980) 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, a warrantless entry into the home to arrest one who resides there, with probable cause to believe he has committed a felony is presumptively unconstitutional under the Fourth Amendment. In such circumstances, the entry to arrest one who makes his home there is defective unless and until the state justifies the entry by proving "the sort of emergency or dangerous situation, described in our cases as 'exigent circumstances'" and "probable cause to believe that the suspect was home when they entered." Things seen, heard, and taken by police in the course of such a defective entry and stemming solely therefrom must be suppressed. According to *Warden Md. Penitentiary v. Hayden,* (1966) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782, "the Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others." If police officers hear a shot and a cry for help from within a home they may demand and then make a forcible entrance in the name of the law. If officers are in fresh or hot pursuit of a suspect who is fleeing or seeking to escape,

they may chase him into his house and enter immediately into it and arrest him. *Johnson v. United States,* (1948) 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436. In the case on appeal there is no reason that a police officer could not have been stationed at the hotel and have arrested appellant if he arrived at or sought to leave his room. The inconvenience to the police in requiring them to stop short of entering the home when armed only with probable cause to believe its occupant is a felon who should be arrested, is one of the prices of maintaining a free society. The first entry by the police into appellant's room on the day after the offense occurred was in my view an unreasonable intrusion forbidden by the Constitution, but it should not result in reversal in light of the fact that no fruits thereof support this conviction.