**Michael TATA, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 384S83.**

Supreme Court of Indiana.

Jan. 3, 1986.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Attempted Murder, a Class A felony. The court imposed a fifty (50) year sentence.

The facts are: In August of 1982, Rhonda Grider Chapman lived alone in an apartment in Ft. Wayne, Indiana. At approximately 3:30 a.m., on August 27, she heard the sound of a key unlocking her apartment door. She got out of bed and turned on the hall light. There she found appellant, who she recognized as the maintenance man for the apartment complex. As Chapman started to speak, appellant lunged at her and began striking her on the head with a pipe wrench. Although Chapman repeatedly tried to communicate to appellant that he had the wrong person, he did not respond but continued to strike her with the wrench. Chapman then pushed past appellant and ran into the living room.

She opened the apartment door and began screaming. Appellant pushed her into a wall on the opposite side of the hallway. As Chapman fell backwards, appellant grabbed her legs, lifted her over a banister in the nearby stairwell and attempted to

throw her to the floor below. Chapman was able to grab onto the stairwell railing and fell back on the floor after appellant released her.

Appellant stood in the hallway near Chapman's door until she again began screaming. He dropped the pipe wrench and ran down the stairs. Chapman's neighbor took her into her apartment and called the police. Officer Gary Grant of the Ft. Wayne Police Department was the first to arrive. He observed the pipe wrench as he climbed the stairs to the third floor apartment. Chapman told him appellant was the individual who had attacked and beaten her.

Officer Joseph Cox arrived shortly thereafter. He was assigned by Officer Grant to stand by the door of appellant's apartment, which was in the same complex. Meanwhile Officer Grant and several other officers searched the accessible areas of the apartment complex. During that time an attempted entry in the complex was reported. The officers ·investigated, but the caller was unable to identify the person who had tried to enter her apartment. After searching throughout the complex, Officer Grant went to appellant's apartment and pounded on the door. No one responded. Officers Grant and Cox heard movement in the apartment as well as sounds they perceived to be sobbing or moaning.

They received a pass key from the apartment manager. One of the officers unlocked the door to discover it was locked from the inside with a safety chain. The officers called into the apartment but got no response. They continued to hear someone sobbing and, upon shining a flashlight into the apartment, saw what appeared to be blood stains on a couch.

At that point the officers forcibly entered appellant's apartment. They found appellant in the bedroom with his wife, who was crying. When ordered to get out of bed, appellant complied; however, when one of the officers mentioned that there were two keys in the water at the base of the toilet, appellant bolted into the bathroom. He was subdued as he attempted to

flush the toilet. Officer Cox later retrieved the keys, one of which was a pass key to the victim's apartment.

Appellant was placed under arrest and taken away. Officer Cox then conducted a further search of the apartment. He opened a pair of louvered doors to a laundry area across from the bathroom where he found some bloodied men's clothing.

Appellant alleges there was insufficient evidence to sustain the verdict rendered by the jury. Specifically, he argues that he established a defense of voluntary intoxication, thus negating the element of specific intent.

■■■ The crime of attempt has two elements: 1) the specific intent to commit the substantive crime and 2) a substantial step towards its commission. Ind.Code § 35–41–5–1; *Armstrong v. State* (1982), Ind., 429 N.E.2d 647. In a prosecution for attempted murder, there must be a showing of the same specific intent to kill as required for the crime of murder. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507.

■■■ The question of appellant's alleged incapacity due to intoxication, although not a defense as such, was nevertheless relevant to the issue of his mental condition at the time of the commission of the crime. *See Butrum v. State* (1984), Ind., 469 N.E.2d 1174. The question of the degree of his intoxication was one of fact to be decided by the jury. *Wagner v. State* (1985), Ind., 474 N.E.2d 476; *Roberson v State* (1982), Ind., 430 N.E.2d 1173. Appellant had the burden of establishing not only that he was intoxicated but that he was so intoxicated as to have been incapable of forming the requisite criminal intent. *Roberson, supra.*

■■■ Appellant contends he met that burden. His wife testified that on the evening in question appellant was very intoxicated and that she informed the arresting officers to that effect. She further testified that appellant was a chronic alcohol abuser and often became irrational when intoxicat-

ed. Thomas Brennan, a drug and alcohol psychotherapist who first met appellant several months after the alleged crime was committed, testified that appellant was a chronic alcoholic.

Despite appellant's contention, there was ample evidence before the jury to support its conclusion that appellant was not so intoxicated as to be unable to form the requisite criminal intent. Chapman testified that she was very close to appellant during the attack and did not detect the odor of alcohol. She also testified that appellant had no difficulty in maneuvering around her apartment or running down the stairs. Officers Grant and Cox similarly testified that they did not detect any odor of alcohol. We find there was sufficient evidence to establish appellant's guilt beyond a reasonable doubt.

Appellant also contends the trial court erred in admitting certain evidence, namely testimony of Officers Grant and Cox and State's Exhibits No. 8, a photograph of the keys recovered from appellant's bathroom, No. 9, the keys, and No. 10, a photograph of appellant in custody in his apartment. He argues the warrantless entry into his residence was illegal under the Fourth Amendment of the United States Constitution and under art. 1, § 11 of the Indiana Constitution.

■ "Probable cause alone is insufficient to justify a warrantless arrest of a person in his home." *Myers v. State* (1983), Ind., 454 N.E.2d 861, 863. There must also be exigent circumstances making it impractical to procure a warrant. *Payton v. New York* (1980), 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639; *Myers, supra.* The validity of a warrantless arrest in a home turns upon the facts and circumstances of each case. *Harrison v. State* (1981), Ind.App., 424 N.E.2d 1065.

■ Appellant's argument that the police should have obtained a warrant before entering his apartment is essentially twofold. First, citing *Payton v. New York, supra,* he argues the police did not have probable cause to believe he was in the apartment. In *Payton,* the Supreme Court held that the Fourth Amendment prohibits police from making a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. *Payton v. New York, supra* 445 U.S. at 576, 100 S.Ct. at 1374–75, 63 L.Ed.2d at 644. In so holding, the Court expressly did not consider "the sort of emergency or dangerous situation," *Id.* at 583, 100 S.Ct. at 1378, 63 L.Ed.2d at 648–49, found in the instant case.

Secondly, appellant contends there were no exigent circumstances to justify the warrantless entry. In *Maxey v. State* (1969), 251 Ind. 645, 244 N.E.2d 650, this Court recognized an "emergency circumstances" exception to the warrant requirement where a violent crime has occurred and entry by police can be justified as a means to prevent further injury or to aid those who have been injured. *See Warden, Maryland Penitentiary v. Hayden* (1967), 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782. We find this case falls within that exception.

In view of the above evidence the forcible entry was reasonable in light of the possibility of further injuries and the likelihood that there was another victim in appellant's apartment.

■ We must now address the question of whether the evidence obtained incident to the arrest was admissible. When the officers entered the apartment to look for appellant, one of the officers observed the keys in the water at the base of the toilet. Under the "plain view" doctrine, the keys and the photographs were admissible. *Garrett v. State* (1984), Ind., 466 N.E.2d 8; *Lance v. State* (1981), Ind., 425 N.E.2d 77. The testimony of the two officers, who were legally present in the apartment, was also admissible.

■ As to Officer Cox's testimony regarding the bloodied men's clothing, the State concedes, and we agree, that had the items been introduced into evidence, exclusion would have been proper. The officer conducted the search after appellant had

been taken away. He found the clothes by opening a closed laundry area and a closed clothes hamper. This was beyond the permissible scope of a warrantless search incident to a lawful arrest. *See Chimel v. California* (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

The items were not introduced into evidence; however, they were described by Officer Cox on direct examination. In light of the evidence of appellant's guilt, in particular the victim's testimony and identification, we find the error in permitting the testimony to be harmless beyond a reasonable doubt in that the prejudicial effect of the testimony was insignificant in comparison to the overwhelming weight of the properly admitted evidence. *See Mitchell v. State* (1972), 259 Ind. 418, 287 N.E.2d 860.

The trial court is in all things affirmed.

DeBRULER, PIVARNIK and SHEPARD, JJ., concur.

PRENTICE, J., concurs in result with separate opinion.

PRENTICE, Justice, concurring in result.

I concur in the result reached by the majority. I do not agree, that there was error in admitting Officer Cox's testimony, hence there is no need, in my mind, to resort to the *harmless* error determination, which, in my judgment utilized an incorrect standard.

From my review of the record, I have determined that the officers were justified in the limited search that revealed the bloodied clothing and the keys—which I do not regard as having been in plain view. The exigent circumstances warranted the searches which were very limited in time and area; and the officers were merely making an unobtrusive search for evidence which they had reasonable grounds to believe existed and was subject to being destroyed by Defendant's wife if they delayed in order to procure a warrant.

Very similar circumstances are related in *Chimel v. California* (1969), 395 U.S. 752,

773–74, 89 S.Ct. 2034, 2046, 23 L.Ed.2d 685, 700 (White, J., dissenting). Although this citation is to a dissenting opinion by Justice White, the majority does not run contrary to the application of the rationale under the circumstances of the case before us. I am of the opinion that, given the judicial trend today to allow more leeway to officers in making good faith and reasonable necessary warrantless searches, this basis for affirming the conviction is to be preferred over the "harmless error" employed by the majority.