Pavlo **RIVERA, Appellant–
Defendant Below,**

v.

**STATE of Indiana, Appellee–
Plaintiff Below.**

No. **71A03–9103–CR–86.**

Court of Appeals of Indiana,
Third District.

Aug. 13, 1991.

Edward C. Hilgendorf, South Bend, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-plaintiff below.

STATON, Judge.

Pavlo Rivera appeals his conviction for battery, a Class C felony,[1] for which he received a sentence of five years imprisonment. He presents two issues for our review:

 I. Whether the trial court erred in refusing Rivera's tendered final instructions 1 and 2?

 II. Whether the verdict is supported by sufficient evidence having probative value?

We affirm.

At approximately midnight on July 4, 1990, Curtis Kemper returned to his home in South Bend, Indiana. A crowd of ten to fifteen people were congregated in the parking lot adjacent to Kemper's apartment building. Kemper made a futile request to gain entry into the parking lot but was ultimately forced to park his vehicle on the street.

Shortly after arriving home, Kemper returned to his vehicle to retrieve some items and was struck with a stone. As Kemper attempted to return to his apartment, two men positioned themselves to block Kemper's movement. The man facing Kemper struck him in the face. The man at Kemper's back kicked his legs and Kemper fell to the pavement.

Kemper suffered numerous broken facial bones and was required to undergo plastic surgery. Following the surgery, Kemper continued to experience blurred vision and sinus problems. He also sustained a permanent facial scar.

Kemper later identified one Jerome Holloway as the man who had struck him in the face, and identified Rivera as the accomplice.

### I.

*Instructions on Lesser Included Offense*

Rivera tendered two instructions on the offense of battery, a misdemeanor, which were refused by the trial court.

---

1. IND.CODE 35–42–2–1.

 The test for determining whether the trial court erred in refusing an instruction on a lesser included offense is two pronged. First, the court must determine whether the lesser offense is necessarily included within the greater offense as charged. Second, the court must determine whether there was evidence adduced at trial to which the included offense instruction was applicable. *McFarland v. State* (1988), Ind., 519 N.E.2d 528, 531.

Battery, a class A or B misdemeanor is inherently included within battery, a class C felony, the difference being the existence and extent of bodily injury. Battery as a class B misdemeanor does not require any injury; battery as a class A misdemeanor requires bodily injury; battery as a class C felony requires serious bodily injury.[2] IC 35–42–2–1.

 An instruction on a lesser offense is appropriate where the evidence is subject to the interpretation not only that the lesser offense was committed, but that the greater offense was not. *Smedley v. State* (1990), Ind., 561 N.E.2d 776, 781. Instruction regarding a lesser included offense is not required where no dispute exists as to the element distinguishing the lesser included offense from the greater offense charged. *Myers v. State* (1983), Ind., 454 N.E.2d 861, 864.

 Here, there was no dispute as to whether Kemper suffered serious bodily injury. The trial court properly refused Rivera's tendered instructions on misdemeanor battery.

## II.

### *Sufficiency of the Evidence*

Rivera contends that insufficient evidence was adduced at his trial to show that he aided, induced, or caused Jerome Holloway to commit battery. He claims that the State merely established his presence at a battery and his failure to assist the victim.

 In reviewing the sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. We look to the evidence most favorable to the State, along with all reasonable inferences to be drawn therefrom, to see if there is substantial evidence of probative value to support the verdict. *Jones v. State* (1988), Ind., 518 N.E.2d 479, 481.

 A conviction for battery will be upheld on appeal where the State has proven beyond a reasonable doubt that the defendant knowingly or intentionally aided, induced, or caused another person to touch a person in a rude, insolent or angry manner. *Fox v. State* (1986), Ind., 497 N.E.2d 221, 227. The evidence need not show that the accomplice personally acted in the commission of each element of the offense. It is only necessary to show that the accomplice acted in concert with the actor who physically committed each element of the crime. *Moredock v. State* (1987), Ind., 514 N.E.2d 1247, 1249.

 Moreover, a factfinder may consider the affirmative conduct from which reasonable inferences of a common design or purpose to effect the commission of a crime might be drawn when determining whether a person aids another to commit an offense. *Beach v. State* (1987), Ind.App., 512 N.E.2d 440, 445, *reh. denied, trans. denied.*

 The evidence most favorable to the verdict disclosed that Rivera assisted Holloway in blocking Kemper's path. Rivera kicked Kemper's legs and made intimidating statements to Kemper and Kemper's companion following the beating. There is sufficient evidence having probative value in support of Rivera's conviction.

Affirmed.

GARRARD and CHEZEM, JJ., concur.

---

**2.** "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ. IND.CODE 35–41–1–25.